## CAMPBELL *verfus* RICHARDSON.

THE Defendant had been bail for his brother, who fuffering judgment to go againft him, a *Scire facias* was iffued againft the defendant, and in due courfe judgment thereon—In the interim, between the recognizance of bail and judgment on the *Scire facias*, feveral judgments were obtained againft the defendant by his proper creditors, executions iffued, and his real eftate was feized and fold. But the proceeds not being fufficient to fatisfy all the judgments, the Sheriff brought the money into Court, to be difpofed of as the Court fhould direct.

*Sergeant*, for the plaintiff *Campbell*, infifted, that recognizance of bail is a lien upon the land from the date of the recognizance, and, therefore, claimed a preference to all judgments afterwards obtained, although, they might be previous to the judgment on the *Scire facias*—He cited to this purpofe, *Stat.* 29. *Car.* 2. *c* 19. 2 *Bac. Abr.* 363. 365. 10 *Vin.* 559. 563 2 *Salk.* 564. *Cro. Eliz.* 551.

*Ingerfol*, on the contrary contended, that *Campbell* fhould only have preference from the date of the judgment on the *Scire facias*; and argued from the ftatute of frauds and our act of Affembly afcertaining the mode of paying the debts of decedants, and cited 1 *Peer Wms.* 333. *Cro. Jac.* 449.

After confideration, the PRESIDENT delivered the opinion of the Court, on the 26th of Auguft.

SHIPPEN, *Prefident.*—This is a queftion concerning the binding nature of a recognizance of bail, as to the lands of the bail; and whether, in *Pennfylvania*, a prior recognizance creditor, or fubfequent judgment creditors, fhall have the preference.

From the cafes cited, it appears, that, although lands in *Eng and* are bound by recognizance, yet there is fome uncertainty as to the time from which they are bound: whether from the *caption*, or from the *inrollment* of the recognizance; or from the *judgment* againft the principal; or from a *non eft inventus* returned upon the *Ca. Sa.* And feveral of the cafes which mention that lands are bound upon the

R 2 *caption,*

*caption*, are fince the Statute of frauds, which fays that the lien fhall be from the *inrollment*.

I do not find that there have been any legal decifions upon this point in *Penfylvania*; but a general opinion has taken place, which has been carried into univerfal practice, that recognizances do not here bind lands, until they are proceeded upon to *judgment* againft the bail. Hence it is, that, whenever a purchafe, or mortgage, is made, the examination at the offices, and the certificates which are given by the prothonotaries, are only of the *judgments* in force a- gainft the feller, or mortgagor, and not concerning *recognizances*. The practice has, indeed, been fo general, that all the conveyancers and lawyers, for a long courfe of years, have, on fuch occafions, confined their enquiries to that circumftance alone; and many titles muft, therefore, depend upon it, which would be fhaken if a con- trary conftruction fhould now be adopted.

Whether this opinion took its rife from the different fituation in which the lands of this country are from thofe of *England*, and from their being liable to be *fold* for debts; or from the filence of the Le- giflature upon the fubject; or from what other caufe, we can but conjecture. It is remarkable, however, that when our act for the prevention of frauds was made, in the year 1772, although the Le- giflature copied the claufe in the *Englifh* ftatute relating to judg- ments, and was minutely exact as to the time from which they fhould bind lands, yet they totally omitted the claufe relating to re- cognizances. This filence, it is true, is no abrogation of a law; but it looks as if the Affembly had taken up the popular idea, that recognizances did not bind till judgments were obtained upon them, and, therefore, they thought that no particular provifion was in that refpect neceffary. Upon what principle, indeed, could they elfe have been fo careful of innocent purchafers in the one cafe, and not in the other?

We may alfo properly take into view, that, long before the paff- ing this act for the prevention of frauds, the relative dignity of judgment debts, and of thofe upon recognizance, had been fettled by a law, directing the order of paying the debts of perfons decea- fed. That is—1ft. Phyfic and funeral expences.—2d. Debts and duties to the Queen.—3d. Debts due to the proprietor and governor.— 4th. *Judgments*.—5th. Debts due by *recognizances*.—6th. Rents &c. If, however, it fhould be faid, that this is only a direction in what order debts fhall be paid, without any refpect to the binding nature of judgments and recognizances, it may be anfwered, that, from the fituation of lands in this country, that confideration muft necef- farily be included. Here, as I have already obferved, lands are chattels for the payment of debts; they are chattels too in the hands of executors; and all writs of *Fi. fa.* direct the levy accordingly to be made, of the goods and chattels, *lands* and *tenements* of the deceaf- ed, in the hands of the executor. If, then, in fuch a cafe, two writs are executed upon lands, founded, one upon a prior recognizance, and the other on a judgment fubfequent to the recognizance, but

                                                             prior

prior to the judgment upon it, the Court muft clearly decree a preference to the judgment creditor. This feems indeed to be a legiflative direction as to recognizances in fimilar cafes; for, what confufion would arife, from fuppofing the lands of *deceafed* perfons to be bound from *one time,* and the lands of *living* perfons from *another?*

Upon the whole, we think, that great mifchiefs and dangers would be impofed upon honeft purchafors, if, at this time of day, we fhould unfettle what has been fo long the general opinion and practice on this fubject. Therefore,

Let the plaintiff take preference only from the date of the judgment on the *Scire Facias.*

## SHOEMAKER *verfus* SHIRTLIFFE.

THE defendant had executed a bond, with warrant of attorney to confefs judgment to the plaintiff. The bond was payable on the 1ft. of *September* 1785; but there was no provifion for a ftay of execution, till that time, inferted in the warrant of attorney. The plaintiff iffued a *Fi. fa.* before the 1ft of *September,* and *Dallas* for the defendant, moved to fet it afide.

THE COURT were of opinion, that the warrant of attorney reciting the bond, was only an inftrument fubfervient to it; and, confequently, that the execution could not be iffued, till the time given for payment was expired.

The execution fet afide.

## BURROWS *verfus* HEYSHAM.

*SCIRE FACIAS* againft the bail, and the judgment removed by writ of error. Upon the iffuing of a *Certiorari* to bring up the record, the plaintiffs moved to amend the *Scire Facias* by the record, fubftituting *September* 1782 for *December* 1781. The motion had been argued at the laft term, and now came on for a fecond argument.

On the part of the *defendant,* it was faid, that as the caufe had been removed, by writ of error, this Court had no longer any jurifdiction over it; but this objection was not infifted upon. *Doug.* 130. 110. and *Cowp.* 841. 844. had been cited for the plaintiff on the former argument; but thefe were cafes of ejectment; and it would overfet the law, if other points were to be brought within the principle, by which ejectments are regulated. With refpect to amendments by the ftatutes of *Jeoffaille,* they were only in matters of form; but
the