The opinion of the Court was delivered by
Gibson J.
Alricks, the original party, assigned his interest to a certain James Williams, without having the suit marked for his use, and, although the assignment was filed with the papers in the cause, and a minute of it made among the docket entries, the title of the action was in no respect changed, but the jury were sworn without formally making Williams a party to the issue : and this is assigned as error. To sustain a judgment it is necessary, that there be legal parties ; but it is not absolutely necessary, that parties who are such only inequity should appear upon the record. Where, however, they do so appear, the Court will recognise them as the real parties to the cause, and treat them accordingly;
The other exception is better founded. The death of John Kean, the original defendant, being suggested, a scire facias, pursuant to the act of assembly, was issued to *46 his administratrix, for the purpose of making her a party to the cause» to which, although it was served in due time, she did not appear, and the plaintiff, instead of taking judgment by default against.her, according to the provisions of the act of assembly7», accepted a plea from the ter re-tenants, who came in under notice, and the issue thus formed, was tried without the administratrix having been brought upon the record, or disposed of in any way. There was in truth, no party» for a terre-tenant, although he is permitted to intervene for the preservation of his own rights, is nevertheless not personally liable, but only in respect of the land» and, therefore, not the legal defendant, without whom the suit cannot be kept alive. In Kean et al. v. Franklin, 5 Serg. & Rawle, 147, it was held, that the suit must be brought against the..cogaisor, even where he is an insolvent debtor, because, there is no other means of coming at the land. On the death of the defendant, the plaintiff's course is a plain one. He issues a scire facias to the personal representative, against whom, where he does not appear and take defence, he signs judgment de bonis testatoris ; but the terretenant is afterwards permitted to plead, and defend pro interesse suo, and on the verdict, where it is against him, the judgment is de terris ; and thus, the goods of the decedent, or the lands bound by the proceedings in the Orphans’ Court —which after the judgment against them, are also to be considered his goods—may respectively be levied upon under the execution. Where, however, the cognisor, or his representatives, and the. terre-tenant, appear together, although each must necessarily defend for himself, I can see no reason why the several issues joined should not be tried together, provided separate verdicts be taken, and it dppear, that the defence of each, was kept distinct, and separately-disposed of on the record. The last assignment of error, has not been insisted on » but on the second, the judgment is reversed,' and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.