Judge Collet
delivered the opinion of the court:
Osburn is a bona fide purchaser of the premises, for valuable consideration, without notice, and before the judgment. The only question to be decided is, whether the recognizance was a lien on the lands in the-hands of such a purchaser.
*TJnder the feudal system, lands could not be aliened by the holder, without the' consent of the lord, for thereby an enemy of the lord, or a person unable to serve him in his wars, might be put in possession of the land; neither was it liable for the debts-of the holder, nor could he make it liable, unless for debts due the lord; for in collection of the debts a tenant might be introduced, the enemy of the lord, or one unable to perform his services; but it was held liable to the [ord for debts due him, from the time they were contracted, 2 B. C. 57; 3 B. C. 420; for in collecting his own debts', he would take care that he got proper tenants, or if he retook the land, with its rents he could hire one, and as the tenant could neither alien nor lien, no subsequent purchaser or creditor could be injured by the lord’s lien; hence, probably the form of *440 the recognizance to the king, the lord paramount, “to be levied of your goods and chattels, lands and tenements,” etc. As the lords and people became more civilized, more agricultural, less ■warlike, and as commerce was introduced, the holders of land, it Is not improbable, with the consent of the lords at first, acknowledged before the officers who took the king’s recognizances, in the same form to their creditors for their debts; after some time they did so without his assent, and so it became common law that they could do so without the assent of the lord. The interest of the vassal in the feud, or land held by him, imperceptibly increased from a life estate to a fee ; there was no other way by which land could be conveniently subjugated to a debt due to other than the lord; lands passed by livery without deed, but few of the people could read or write, but the owner with his creditor could go before a court or judge and acknowledge a recognizance.
Parliament to encourage trade and commerce, in 13 Edw. I. and 27 Edw. III., enacted the statutes merchant and staple, which authorized traders, by recognizances acknowledged before the mayor of a city, to secure their debts to one another by their liening them on their land', and pointed out the mode of execution. 23 Henry VIII, extends these provisions to all others as well as traders. 3 Bac. Ab., title Execution, B, sec. 3; 2 B. C. 160, 341. These recognizances in England authorize the recognizee to take the rents and ^profits of the land until the amount of the debt is received, but not to sell the land. A judgment and execution there does not authorize the sale of land. These statutes never were in force in this country. In England they were necessary; thoyenabled the people to bring a part of their landed capital into trade with facility; they made the unjust landholder, who refused to secure or pay the manufacturer or merchant, more inexcusable; they weakened the feudal grasp on land. Subsequent purchasers could be but seldom injured by the lions of recognizances; lands wore not daily in the market there in the times of the Edwards and the Henrys as now here, nor are they yet. Creditors do not there look to the value of the land of the debtor as a means of payment, as they do here. The reasons for liening land, by recognizances, do not apply to us; our lands have always been allodial; no lord to be consulted before an alienation or mortgage could be made ; our owners of land could draw, or have drawn, a mortgage *441 with less cost or trouble than it would be to acknowledge a recognizance before a court or judge; our landholder can east his merchant’s account, read or write his mortgage; his merchant or manufacturer is not a foreigner, against whom he is prejudiced, and in whom he has no confidence. Our lands have always been subject to sale on execution for the payment of tho debts of the owner. Liens on these endanger the interest of subsequent creditors and purchasers almost as much as liens on chattels. Recognizances of no kind have ever been considered as liens. Who, when inquiring for liens, has asked the clerk for recognizances, either to the state orto individuals, as of special bail? The land of special bail, in England, is bound by the recognizance. 2 Salk. 564. Who asks the clerk for more than a list of judgments and decrees, their dates and, amounts ? Who, when he ascertains that there are no judgments or. decrees in the courts, or conveyances or mortgages on the books of the register of deeds, is not satisfied that he has no other liens from which to apprehend danger.
That recognizances of any kind have not been considered by -our legislature as liens is plainly inferable from various acts. By the acts of 1824 and 1831, regulating judgments and executions, 22 Ohio L. 108, and 29 Ohio L. 101, and the acts regulating *the practice of courts of chancery, the liens of judgments .and decrees are carefully defined ; when they commence, and when they terminate. 29 Ohio L. 86, sec. 37; Id. 73, see. 85. When the sheriff sells and conveys land on an execution, he conveys the title the defendant had when the judgment became a lien, 22 Ohio L. 112, and 29 Ohio L. 105, which is on the first day of the term in which it was rendered, whether the judgment is found on a xecognizance or other evidence of debt. On an execution on a judgment, or a scire facias, or a mortgage against the mortgagor, the sheriff’s deed conveys the title the mortgagor had when the mortgage was made. 22 Ohio L. 232; 4 Ohio, 500; 29 Ohio L. 84.
To provide for the preservation of deeds and mortgages, and to ■secure creditors and purchasers against imposition, the legislature have declared how they shall be executed, when and where they shall be recorded. In this respect they have said nothing as to recognizances; the acts requiring certain recognizances to be recorded is to preserve them, and that a sci. fa. may issue on them, *442 and a judgment be obtained in a court of record, but not to fix a lien otherwise than by a judgment. 22 Stat. 54; 29 Stat. 60.
By the act defining the duties of executors and administrators, 29 Ohio L. 236, when an estate is insolvent it is directed that the lands of the deceased shall be sold by the administrator, and that he pay, first, funeral expenses, costs of administration, expenses of last sickness, the sum allowed for the support, for one year, of the widow and children; second, mortgages and judgments rendered against the deceased as far as they were liens on the land; third, all debts not paid under the provision of the second class, whether judgments or parts of judgments on bonds or accounts, etc., to be paid in proportion to their amount; here liens are provided for, mortgages and judgments are enumerated, but recognizances aro not mentioned.
That in England they were liens may be inferred from their form, “to be levied of your goods and chattels, lands and tenements ; ” but not so here; the form has been adopted by the officers and the legislature, because it was found in the books without regard to the original meaning. The same form in this respect is prescribed for the recognizance to the *state to answer for a crime, for special bail in common pleas and Supreme Court, special bail in the justices court, for appeal from a justice, for stay of execution before a justice. 29 Ohio L. 201, 120, 161, 191, 192. By giving this form for bail in civil cases before a justice, the legislature certainly do not mean that the land of the bail is mortgaged thereby for the liability of the cognizor when the justice’s judgment when finally rendered is no lien 1 Ohio, 318.
The interest of the state is sufficiently guarded'without the lien ; her object is not money, but to secure the appearance of the individual. The officers are to judge of the sufficiency of the bail, and will reject it if not good. The defendant’s interest will not be endangered. If he has land and his bail are afraid of him, they can take a mortgage of him for their indemnity. If the land-is aliened fraudulently, it is liable for the judgment on the recognizance; if bona fide, it is surely better that the recognizance should not be collected, than that an innocent purchaser, a stranger, should have to pay the amount. Judge Shippen, at an early period, in Pennsylylvania, determined that a recognizance did net thera bind land. 1 Dall. 131.
*443 Upon the whole, we are of opinion that the premises in the-hands of Osburn, a bona fide purchaser withoiit notice, could not be sold by the sheriff to satisfy thg judgment on the recognizance.. Judgment must be entered for the' defendant.