On tbe 20th of August, tbe President delivered tbe opinion of tbe court.
 

 Shippen, President.
 

 As it has not been made any part of tbe argument, that tbe power of tbe court to amend, is not tbe same as it was before tbe action was removed, we shall determine tbe question as we should have done, if the writ of error bad not been brought. Upon tbe liberal principles of modern practice, therefore, and indeed, for tbe honor of common sense, we think it incumbent upon us to direct tbe
 
 scire facias
 
 to be amended by tbe record. Besides the cases in tbe books (particularly that in Barnes 6,
 
 Sweetland
 
 v. Beezely), there are some instances in our own courts that authorize tbis determination. I remember, in
 
 Scott
 
 v.
 
 Galbraith,
 
 at
 
 nisi prius,
 
 in Lancaster,
 
 (a)
 
 a verdict was given for tbe plaintiff in ejectment, for one-half of tbe premises, and nothing was said respecting tbe other half. A motion was made
 
 in banc
 
 to set aside tbis verdict, but it was allowed to be amended, by adding, “ and for tbe residue they find for tbe defendantalthough, in that case, there was not anything to amend by, but merely what was implied in tbe verdict.
 
 (b
 
 )
 

 Tbe rule made absolute.
 

 It is now well settled, that the court below may order an amendment, after error brought, while the record remains with them. Fury v. Stone, 2 Dall. 184, s. c. 1 Yeates 186; Berryhill
 
 v.
 
 Wells, 5 Binn. 60; Paul
 
 v.
 
 Harden, 9 S. & R. 23. And where the record has been removed, the supreme court has sent it back for amendment.
 
 *139
 
 Spackman v. Byers, 6 S. & R. 385. In Peddle v. Hollinshead, 9 Id. 285, Duncan, J., said, “ In matters arising from the mere carelessness of the clerk in process, it is to be observed, that those things which are amendable, before error brought, are amendable, after error brought, and if the inferior court doth not amend them, the supreme court may.” And see Black v. Wistar, 4 Dall. 267.
 

 (a)
 

 This case, by the name Galbraith’s Lessee
 
 v.
 
 Scott, was cited by Judge Yeates, for another point, in Garwood v. Dennis, 4 Binn. 334, and is said by him to have been tried at the Lancaster Nisi Prius, in 1781, before McKean, C. J., and Bryan, J.