## Michael Furry *against* Abraham Stone.

S. C. 2 Dall. 184.

Written notice of an intended motion for a new trial, must be given ten days at least before the commencement of the term.

When the damages found by the jury exceed those laid in the declaration, the court will allow a remittitur to be entered for the excess, after error brought.

SPECIAL assumpsit. Verdict for the plaintiff at last May assizes for Berks county, for 678l. 13s. 2d.

Mr. Todd for the defendant, had moved within the first four days of the term, for a rule to shew cause, why a new trial should not be granted.

Messrs. Ingersoll and Tilghman for the plaintiff, now insisted that the motion should be dismissed; unless, agreeably to the 34th rule of practice of the court, notice in writing of the intended motion had first been given to the adverse party, or his attorney, ten days at least before the term commenced.

Mr. Todd admitted that the notice had been served only nine days before the court, but contended that it would be a reasonable exposition of the rule, if the written notice was served ten days before the time of motion for the new trial, and added, that he saw no inconvenience which could arise from such a construction.

*Sed per Cur.* The words of the rule are express, that the notice must be given ten days at least before the commencement *of the term. It will be to no purpose to make [*187 rules, if an interpretation of them directly contrary to the words is admitted. It is true, that in the case of Bradley's lessee *v.* Bradley, tried at Nisi Prius for Dauphin county, the court went into a motion for a new trial, though the full ten days notice had not been given. But in that cause a point of evidence had been reserved at the trial, which had left the whole matter open to inquiry until judgment entered.

Motion dismissed.

The defendant then brought a writ of error to the High Court of Errors and Appeals. The plaintiffs' counsel upon inspecting the declaration, found that the damages were laid at 500l. though the verdict was for 678l. 13s. 2d. and prayed that the court, while the record was before them, would permit them to enter a remittitur for 178l. 13s. 2d. and take judgment for the residue; which, on the authority of Pickwood *v.* Wright, Hen. Blackst. 643, the court granted, though much opposed by the defendant. (Vide Doug. 110, 111. Notes. 5 Burr. 2730.)

Cited in 1 W. & S., 370, in support of the proposition that the court below may order an amendment after a writ of error brought, while the record remains with them.

Cited also in 5 Bin., 60, and 4 W. & S., 54.