Duncan, J.
There áre various errors assigned on this record: to the declaration, to the issue, to the appeal, and to the judgment. The court will confute their inquiry and decision to the fifth error assigned; the amendment of the judgment, by entering it specially oh the first count, and not giving any judgment on the second count. Every count states a distinct cause of action, and where there are several counts in the declaration, and some of them so faulty that a verdict will not cure the, defect, and evidence to support the good counts has been given, the court will direct the verdict to be entered on the good count's, and this is done at any time during the term, though after-writ of error delivered. But in this case the verdict was a general one, and it is not amended by the court’s directing the verdict to be taken on one count. The judgment is general, and afterwards amended by the court directing judgment to be.entered on the first count. If the court -had amended the verdict by directing it to be taken on the first count, and then entered a judg7 ment, this court might have considered it in the same light as if a verdict had been found for the plaintiff on the first count, and for the defendant on the second. But the court permitted the general verdict to stand. They do not amend nor take any order on it, but enter a judgment on One count only, leaving the verdict on both-counts on the record, and disposing of one only by judgment. On a general finding, not amended by entering the verdict on one count, the judgment must be general; for in no other way can the *24 defect of a general verdict, where there are bad or .inconsistent counts,' be cured, but by entering the verdict on the good counts. It is the verdict that is to be altered; the judgment cannot amend or change that. The record presents a general finding for the plaintiff on both counts, and a judgment only on one of them; thus leaving a portion of the' cause on the record without a judgment either for. plaintiff or defendant. This-court are not friendly to nice and technical objections, where the cause has been tried on its merits; but no principle can be found to support this judgment, Which is partial, where the judgment is general. This being a reversal for an error in the judgment, a venire facias de novo cannot be granted; and this has rendered it unnecessary to give any opinion on the other matters assigned as errors.
Judgment reversed.