The opinion of the court was delivered by
Txlg-hman, C. J.
This is an action in the name of the commonwealth, for the use of Thomas Collins, against the administrators of Jacob Beeson, deceased, on a bond, in the penalty of ten thousand dollars, in which the said Jacob Beeson and others, were bound to the commonwealth, as sureties for John Withrow, late sheriff of "Fayette county. The plaintiff obtained a judgment in the Court of Common Pleas, which has been brought up by writ of error. Several errors were assigned., but only two have been relied on. 1st. That a several action, against one of the obligors, cannot be maintained. 2d. That the Court of Common Pleas had no right to grant the amendment which was made in the plaintiff’s declaration, at the time it was made.
1st. The bond on which this suit was brought, was given by Sheriff Withroio and his sureties, in pursuance of the act directing sheriffs and coroners to give sufficient sureties, See. passed the 28th of March, 1803, (4 Sm. L. 45.) The counsel for the defendants contend that it was the intent of the act, that no suit should be brought but against all the obligors jointly. The form of the bond is prescribed by the act of assembly; and the first thing Which strikes us, is, that the obligors bind themselves, their heirs, executors, and administrators, jointly and severally — -a strong indication, that it was intended, they should be liable to a joint or several action. The obligors are also to enter into a recognizance,- in which they acknowledge themselves' to owe unto the commonwealth a certain sum, to be levied and made of their several goods and chattels, lands and tenements. By the fourth *252 section of the act, it is provided that all the lands, tenements, and hereditaments, which such sheriffs and coroners, and their sureties, shall possess, or be entitled to, in every county within this commonwealth, shall be bound by the recognizance, as effectually as a judgment in the Court of Common Pleas of all the counties aforesaid, might or could bind the same; “and whenever the commonwealth, and any individual or individuals, shall be aggrieved by the misconduct of any sheriff or coroner, it shall and may be lawful, as often as the case may require, to institute actions of debt, or of scire facias, upon such recognizance, against such sheriff or coroner, and their sureties, their heirs, executors, or administrators, or actions of debt upon such obligations, against such sheriffs or coroners, and their sureties, their heirs, executors, or administrators, 4’c- fyc. Provided that no action shall be sustained against such sureties, their heirs, executors, or administrators, unless the same be instituted within five years after the date of such allegation or recognizance.” It is granted, that the act of assembly under which this bond was taken, might have prescribed the remedy on it, and the exclusive form of prosecuting that remedy. But, it is not perceived that there was any intent to restrain the commonwealth to a joint action. The action is directed to be against “ the obligors, their heirs, executors, and administrators P’ Now, it having been before directed, that the obligors were to bind themselves, their heirs, executors, and administrators, jointly and severally; the plain meaning seems to be, that the action is to be according to the nature of the obligation, that is to say, either joint or several, at the election of the obligee, The only argument in support of a joint action is, that thereby, the burthen would be more equally divided between the sureties. But although sued severally, the one on whom the bur-then falls, may have an action against his co-sureties, for contribution. The question, however, is, not what would be most convenient to the sureties, but what has been provided by the act of assembly. I have said before, that there are no words limiting the commonwealth to a joint action, and the impropriety of such a limitation is evident, from its extreme inconvenience. Suppose one of the obligors to be dead, how could a joint action be maintained against his representatives, and the surviving obligors ; and what kind of a judgment could be rendered in such an action? There is no provision for it in the act of assembly, nor are there any known forms to which it can be reconciled. Again, it is expressly provided, that no action shall lie against the sureties, or their representatives, after five years from the date of the bond. Yet an action will lie against the sheriff himself, after the expiration of the five years. But how is this to be done, if only a joint action can be maintained on the bond ? In short, the construction, contended for by the defendants, is pregnant with difficulties without. end, and, therefore, should not be adopted, unless plainly re *253 quired by the words of the law. But I can find no words which, intimate, even in a remote degree, a design to restrain the commonwealth to a joint action. My opinion therefore is, that the action may be either joint or several.
2d. It does not appear by the record, at what time leave was given to amend the declaration; but to give the defendants the whole force of their exception, we will suppose that five years, from the date of the bond, had expired, before the granting of the amendment, and, consequently,, if the plaintiff had failed in this qction, the sureties would have been protected from another suit, by the lapse of the five years. The act of assembly, authorizing courts to permit amendments, has no limitation in point of time; an amendment may be granted any time, even after the trial has commenced; The object was, to obtain justice, without regard to form. It often happens, that it is not discovered, until the evidence has been gone into on the trial, that the plaintiff has a good cause of action, to which the form of his declaration is not adapted. Now this is the very case, for which the act of assembly intended to provide a remedy. But the defendants say they are sureties — and what then ? Ought not sureties to render substantial justice, according to the nature of their undertaking ? What right have they to call on this court! to shield them from justice, under the cover of form. If five years had elapsed, before the commencement of the suit, they would have had a substantial defence. But being commenced, within the five years, they have had the advantage which the law intended, that is to say, they have had early notice of their danger; they have been warned to look to the sheriff for indemnification, and to collect all the evidence which was necessary for their defence. There was no reasons, therefore, why the court should have refused the amendment, asked for by the plaintiff. It appears to me that it was their duty to grant it, and indeed it would have been error to deny it.
I am of opinion that the judgment should be affirmed.
Judgment affirmed-