## Pool *against* Morgan.

The court of common pleas have no power to direct an issue to try disputed facts arising upon a *certiorari* to a judgment of a justice of the peace.

ERROR to the common pleas of *Luzerne* county.

Henry Morgan for the use of Joseph H. Ellis against Abraham Pool and others. This case originated before a justice of the peace who rendered a judgment for the plaintiff and issued execution, upon which it was alleged a part or the whole of the money was made. Upon another execution being issued, the defendants took out a *certiorari* and removed the same into the common. pleas. The court directed an issue to try the fact whether the judgment had been paid by the defendants after it was entered.

One of the errors assigned was, that the court erred in directing an issue to try facts.

*Baldwin,* for plaintiff in error.
*Willisten,* for defendant in error.

PER CURIAM.—The error in this case is the attempt to try the merits on a *certiorari*. It is indeed true that legislative provision has not been made for the determination of contested questions of payment on judgments before justices of the peace; but if jurisdiction in such cases, must of necessity be assumed by some one, it would be more congruously assumed by the justice himself; and we see not why he might not exercise a control over the execution till the parties had agreed to an amicable action, which would be a subject of appeal, or why on the principle of Berryhill *v.* Wells, 5 *Binn.* 56, he might not have heard the matter on a *scire facias.* Such a proceeding would be less discrepant, than to engraft a common law issue on a *certiorari*. If the court *must* inquire into matter of fact, better determine it on affidavits. The courts in Pennsylvania have made a too free, and sometimes an absurd, use of the proceeding by feigned issue. If the judgment on the verdict in this case were at all connected with the proceeding of the justice, we could not review it on error; and that the one is here while the other is not, shows that they are separate things which have no relation to each other. From one of the exceptions, it appears that the plaintiff in the issue declared on his original demand; and what if the sum found had been different from the sum recovered before the justice? The court, having merely power to reverse or affirm, could not have corrected the justice's judgment; and it could not have

been legitimately reversed for matter subsequent. At all events the record would exhibit the strange spectacle of two distinct judgments for the same debt, the one in the common pleas, and the other before a justice. Better would it be to wait for a remedy from the hands of the legislature, than to sanction such a distortion of the proceedings on a common law writ.

Judgment reversed.