## ┆ Rainey *against* The Commonwealth.

A clerical error in a writ of *scire facias* against the sheriff and his sureties may be amended by the *præcipe* and record, by inserting the statement of the proper judgment in the sheriff's official bond, in lieu of one erroneously recited in the writ.

ERROR to the common pleas of *Cambria* county.

The commonwealth of Pennsylvania for the use of Abraham Horbach against William Rainey and others.

On the 20th May 1839, the plaintiff delivered to the prothonotary of the court of common pleas of Cambria county, a *præcipe* "for a *scire facias*, in the name of the commonwealth of Pennsylvania for the use of Abraham Horbach, against William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, Sen., judgment for the penalty in the official bond of William Rainey, as late sheriff of Cambria county," and a writ of *scire facias* was issued and served on the defendants, who all appeared except William Rainey.   This writ recited that—

Whereas the commonwealth of Pennsylvania, for the use of Abraham Horbach, heretofore, in our county court of common pleas of the county of Cambria, to wit, on the third day of October, anno Domini 1838, before the honourable the judges then constituting the same court at Ebensburg, by the consideration of the same court, recovered against William Rainey, Peter M'Guire, Michael M'Guire and John Rainey, of the said county, yeomen, sur judgment for the penalty in the official bond of William Rainey as late sheriff of Cambria county, in action No. 3 of October term 1838, for that the said William Rainey, as sheriff of the county of Cambria, neglected and refused to pay to the above named Abraham Horbach, the sum of two hundred and sixty-six dollars and eighty-two and a half cents, ordered and decreed by the court of common pleas of Cambria county, to be paid to said Abraham Horbach, on the 3d October 1838, by the said William Rainey, out of the money arising from the sale of the personal property of Thomas Withrow, sold by said William Rainey as sheriff as aforesaid, by virtue of executions issued out of the court of common pleas of Cambria county, numbers 7, 8, and 9, of October term 1836, being for rent due said Abraham Horbach from said Thomas Withrow for the premises, on which the personal property aforesaid was taken in execution by the said William Rainey as sheriff as aforesaid, with interest on the debt from the 3d day of October 1838, whereof the said William Rainey, Peter M'Guire, Michael M'Guire and John Rainey are convict, as of record and

[Rainey v. The Commonwealth.]

proceedings in our said court, before our judges at Ebensburg remaining, manifestly appears.   Nevertheless judgment is given, execution for the debt aforesaid as yet remains to be made, as by the insinuation of the said commonwealth of Pennsylvania for the use of Abraham Horbach, we have received information, and because we are willing that those things which are right in our said court should be done, we command you, that you make known to the aforesaid William Rainey, Peter M'Guire, Michael M'Guire and John Rainey, that they be and appear before our judges at Ebensburg, at our court of common pleas there to be held on the first Monday in July next, to show, if any thing for themselves they know, or have to say, why the aforesaid commonwealth of Pennsylvania, for the use of Abraham Horbach, execution for the debt aforesaid against them, the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, ought not to have according to the form and effect of the said recovery, if to him it shall seem expedient.   And have you then there this writ.   Witness, &c.

The defendants who appeared, pleaded payment with leave, &c., replication *non solverunt* and issue.   Afterwards the defendants added the plea of *nul tiel* record; on which the plaintiff asked leave to amend the *scire facias* by the *præcipe* and record, and leave was given by the court (White, president) and an amended writ was filed, reciting that—

Whereas the commonwealth of Pennsylvania, at the suit of the commonwealth of Pennsylvania, for the use of          and Graham, now for the use of Nathan M. Chafee, lately in our county court of common pleas of the county of Cambria aforesaid, before our judges at Ebensburg, on the fourth day of April anno Domini one thousand eight hundred and thirty-nine, in action number three of October term, anno Domini one thousand eight hundred and thirty-eight, by the consideration of the said court, recovered against William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, the sum of eight thousand dollars, which to the said commonwealth, in our said court, were adjudged for her debt, whereof the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey are convict, as by the record and proceedings thereof in our said court, before our judges at Ebensburg remaining, manifestly appears.

And whereas Abraham Horbach, in the name of the commonwealth of Pennsylvania, for the use of Abraham Horbach, by his attorney John G. Miles, has insinuated unto us, and according to the form of the statute in such case made and provided, suggested and given the said court here to understand and be informed, that the said judgment so recovered against the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey as aforesaid, was had and obtained upon, and by virtue of a certain official bond or writing obligatory, bearing date the twenty-ninth day of No-

vember, in the year of our Lord one thousand eight hundred and thirty-four, whereby the said William Rainey, as sheriff of the said county of Cambria, and Peter M'Guire, Michael M'Guire and John Rainey, as his sureties, became held and firmly bound to the said commonwealth of Pennsylvania in the sum of eight thousand dollars to be paid to the said commonwealth for the uses, intents, and purposes declared and appointed by law, with and under a certain condition to the said writing obligatory subscribed, whereby it was declared, that if the above bounden William Rainey, after he shall be duly commissioned sheriff of the county of Cambria for the term of three years from and after the second Tuesday in October last past, shall and do without delay, according to law, well and truly serve and execute all writs and processes of said commonwealth to him directed, and shall and do from time to time, upon the request made to him for that purpose, well and truly pay or cause to be paid to the several suitors and parties interested, their lawful attorneys, factors, agents or assigns, all and every sum and sums of money to them respectively belonging, which shall come to his hands, and shall and do from time to time, and at all times during his continuance in the said office, well and faithfully execute and perform all and every of the trusts and duties to the said office appertaining, then this obligation to be void, else to remain in full force and virtue.

And the said William Rainey was afterwards, and before the issuing of the executions hereinafter mentioned, duly commissioned sheriff of the said county of Cambria, for the term of three years from and after the second Tuesday in October aforesaid, and whereas the said Abraham Horbach for another and further breach of the said condition of the said writing obligatory, than that whereon the said judgment was so recovered as aforesaid, according to the form of the statute in such case made and provided, by his attorney aforesaid, has further suggested and given the court here to understand and be informed, that at a court of common pleas held at Ebensburg, in and for the county of Cambria aforesaid, on the third day of October, anno Domini one thousand eight hundred and thirty-eight, the said court did by their decree or sentence order the said William Rainey as sheriff of the said county of Cambria, to pay unto the said Abraham Horbach the sum of two hundred and sixty-six dollars and eighty-two and a half cents, out of the money arising from the sale of the personal property of Thomas Witherow, sold by the said William Rainey as sheriff as aforesaid, by virtue of executions issued out of the court of common pleas of Cambria county aforesaid, numbers seven, eight and nine, of October term, anno Domini one thousand eight hundred and thirty-six, issued in pursuance of judgments on which said executions were founded, being for rent due said Abraham Horbach from said Thomas Witherow for the premises on which the personal property aforesaid was taken in execution by the said William Rainey as sheriff as aforesaid; and that the said William Rainey, although

X.—2 E

often required, the said sum of two hundred and sixty-six dollars and eighty-two and a half cents, to the said Abraham Horbach hath not paid, but the same to him to pay, hitherto hath altogether neglected and refused, and still doth neglect and refuse, contrary to the form and effect of the said condition of the said writing obligatory; for which said further and other breach of the aforesaid condition of the said writing obligatory, the said Abraham Horbach hath humbly besought us to provide him a proper remedy; and we, being willing that what is just in this behalf should be done, do, according to the form of the statute in such case made and provided, command you, that by honest and lawful men of your bailiwick, you make known to the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, that they be and appear before our judges at Ebensburg at our county court of common pleas, there to be held on the first Monday in July next, to show if any thing for themselves they know or have to say why execution should not be had and awarded against them, upon the said judgment so obtained as aforesaid, for the damages which the said Abraham Horbach hath sustained, by reason of the said further and other breach of the said condition of the said writing obligatory, if it shall seem expedient for the said Abraham Horbach so to do; and have you then and there this writ. Witness, &c.

The defendants then withdrew their plea, and demurred, and judgment was rendered for the plaintiff.

*Banks*, for plaintiff in error. The exception is, that the court below permitted the plaintiff to amend. It is admitted that the *præcipe* warrants the writ as amended, but we say the court had not power to permit such an amendment. It amounted to allowing a new writ to be issued for a different purpose.

*Miles*, for defendant in error, cited 2 *Penns. Pract.* 337. 344; 1 *Watts* 374; 2 *Rawle* 56. It is not error to amend a *scire facias* after *nul tiel* record pleaded. 5 *Watts* 315; 9 *East* 316; 2 *Bos. & Pul.* 275; 6 *Watts* 53. It is never too late to amend a *scire facias* for a mistake occasioned by the misprison of the clerk. It may be done after writ of error. 2 *Penns. Pract.* 358.

The opinion of the court was delivered by

SERGEANT, J.—The complaint is, that the court permitted the plaintiff to amend the *scire facias*. The plaintiff's *præcipe* directed the prothonotary to issue a *scire facias* sur judgment for the penalty in the official bond of William Rainey, as late sheriff of Cambria county, in the name of the commonwealth for the use of Abraham Horbach against William Rainey, Peter M'Guire, Michael M'Guire and John Rainey, No. 25, July term 1839. The prothonotary issued a *scire facias*, reciting that the commonwealth for the use of Abraham Horbach, on the 3d October 1838, recovered against the defendants, sur judgment for the penalty in the official

[Rainey v. The Commonwealth.]

bond of William Rainey as sheriff, for that he neglected and refused to pay to Abraham Horbach the sum of 266 dollars, 82 cents, ordered by the court of common pleas of Cambria county to be paid to him on the 3d October 1839, by said William Rainey, out of the money arising from the sale of the personal property of Thomas Witherow, sold by the said William Rainey as sheriff, by virtue of certain executions, &c. This writ was served on the defendants, who appeared (except William Rainey) and pleaded payment with leave, replication *non solverunt* and issue. Afterwards the defendant added the plea of *nul tiel* record. The plaintiff then moved for leave to amend the writ of *scire facias* by the *præcipe* and the record, which was given by the court. The defendant then demurred to the amended writ, and judgment was given for the plaintiff.

The amended writ recited that the commonwealth of Pennsylvania for the use of　　and Graham, now for the use of Nathan M. Chafee, lately in the court of common pleas of Cambria county, on the 4th April 1839, in No. 3 of October term 1838, recovered against William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, the sum of 8000 dollars, adjudged for debt, and that Abraham Horbach, in the name of the commonwealth for the use of Abraham Horbach, had insinuated unto us, and according to the form of the statute in such case made and provided, suggested and given the court to understand, that the judgment so recovered was had upon a certain official bond dated the 29th November 1834, whereby the said John Rainey, and the other defendants as his sureties, were bound to the commonwealth in the sum of 8000 dollars conditioned for duly serving and executing all writs, &c., and on request paying over moneys, and faithfully discharging his duty (in the words of the law); averring that he was duly commissioned, and alleging as a further breach of the condition than that whereon the said judgment was recovered, that on the 3d October 1838, the sheriff was ordered by the said court to pay to the plaintiff the sum of 266 dollars 82½ cents, moneys arising from the sale of certain property specified, which he had neglected and refused to do.

The recital in the original writ of a judgment recovered on the 3d October 1838, at the suit of the commonwealth, for the use of Abraham Horbach, seems to have been a mistake of the officer who made out the writ; the real judgment having been recovered on the 4th April 1839, in a suit by the commonwealth for the use of　　and Graham (now for Chafee), in an action No. 3, of October term 1838. The plaintiff came in subsequently to the judgment for the penalty, by suggestion, agreeably to the provisions of the 11th clause of the 6th section of the act passed on the 14th June 1836, relative to bonds with penalties, and official bonds. The *præcipe* in this case was for a *scire facias* sur judgment for the penalty in the official bond of William Rainey as late sheriff. This

[Rainey v. The Commonwealth.]

certainly pointed to the judgment of the 4th April 1839, and is sufficient to amend by, and it was the duty of the person making out the original *scire facias* to hunt up and refer to it. The amendment, therefore, remedied a clerical error or slip in the making out of the writ, and rendered it what it ought to have been at first. The question is, whether the court below had power to allow this amendment, and we think they had. It is obviously a clerical mistake, in referring to a judgment not existing, instead of the real one meant. There is something to amend by, namely, the *præcipe* and records of the court; and amendments are allowed at common law, where there is any thing on the record to amend by. Courts have of late years been indulgent in admitting amendments to cure the slips of officers; and more especially is it permitted among us, where legal proceedings are so slowly, and often negligently conducted. 6 *Watts* 53*ff*. In Burrows *v.* Heysham, 1 *Dall.* 133, a writ of *scire facias* against bail was allowed to be amended by the record, by substituting September 1782, for December 1781. In Guhr *v.* Chambers, 8 *Serg. & Rawle* 157, a writ of error was allowed to be amended by the *præcipe*.

Judgment affirmed.