## Wampler *against* Shissler.

1 WS 365
25 SC ²421

A recognizance binding three persons in a certain sum, " to be levied of their goods and chattels, lands and tenements *respectively*," is joint and several.

A declaration may be amended in matter of form after verdict and judgment and writ of error sued out, where substantial justice has been done in the trial of the cause, and the defendant was not prejudiced by the informality.

ERROR to the Common Pleas of *York* county.

This was an action of debt brought in the name of the common-wealth by William Shissler and his wife, administratrix of William Warner, deceased, against David Shultz, administrator of John Wampler deceased, upon a recognizance entered into in the Orphans' Court of York county, by John Wampler as a surety with Michael Bablitz, for Charles Warner, who, as the eldest son and heir at law of his father, Charles Warner, then deceased, had taken the real estate of his father at a valuation made under a writ of partition and valuation. The recognizance was taken on the 1st day of January, A. D. 1816, in the following words; "Charles Warner bound unto Walter Franklin and *Jacob* Hostetter, *Esquires, judges of the Orphans' Court of York county,* in the like sum of five thousand eight hundred and eleven dollars, and John Wampler and Michael Bablitz bound to the *same judges* in the like sum of five thousand eight hundred and eleven dollars, lawful money of the United States, to be levied of their goods and chattels, lands and tenements, *respectively,* upon this condition, that the said Charles Warner shall and do well and truly pay unto the widow and other heirs and legal representatives of the said Charles Warner, deceased, their respective shares and dividends and purparts of the aforesaid valuation of the said tract of land, which the said Charles Warner has taken at the return thereof, agreeably there-to, in the manner, days and times set forth and appointed for the payment, in and by the foregoing distribution and decree, then these recognizances to be void and of none effect, otherwise to re-main in full force and virtue." The decree of the Orphans' Court here referred to was made on the same day that the recognizance was taken, and as regards the payment of the valuation money of the tract of land, after giving this land to the said Charles War-ner, the eldest son, was in the following terms: " and it is further ordered and decreed by the court, that the said Charles Warner be allowed the sum of thirty-seven dollars and twenty-one cents, the costs and expenses of these proceedings; that he pay unto Eli-zabeth Warner, the widow of the said intestate, yearly, and every

year during her natural life, the sum of fifty-seven dollars and thirty-six and a half cents, in full for her right and claim of dower out of the aforesaid tract of land with the appurtenances; the first payment whereof to be made in one year from this day; that he retain in his own hands the sum of three hundred and eighty-two dollars and forty-three and a-half cents, and after the death of the aforesaid widow, the further sum of óne hundred and ninety-one dollars twenty-one and a-half cents, in full of his right and share of the aforesaid valuation, as eldest son and heir at law of the said intestate; that he pay unto John Bower and Elizabeth his wife, in right of said Elizabeth, Michael Sabel and Salome his wife, in right of the said Salome, William Warner and John Warner, or unto the guardians of such of them as are minors, each the sum of three hundred and eighty-two dollars forty-three and a-half cents, in one year with interest from this date, and after the death of the widow, the further sum of one hundred and ninety-one dollars and twenty-one and a-half cents, in full of their respective shares of the aforesaid valuation, as four of the children of the said intestate," &c.   The declaration was filed on the 25th of July 1839, and was as follows: " The Commonwealth of Pennsylvania for the use of William Shissler and Catharine his wife, in her right, as administratrix of William Warner deceased, complain of David Shultz, administrator of the estate of John Wampler deceased, for this, that heretofore, on the first day of January 1816, at said county, in the lifetime of the said William Warner and John Wampler, the said John became bound by recognizance in the Orphans' Court of said county in the sum of five thousand eight hundred and eleven dollars to Walter Franklin and *J*. Hostetter, upon condition that Charles Warner should pay the widow and heirs of Charles Warner senior, deceased, their several and respective shares of the valuation of the real estate of the said decedent, according to the return thereof; which said real estate the said Charles then and there accepted in the said court, and the plaintiff for the use aforesaid says that the share of William Warner, now deceased, was then and there determined to be three hundred and eighty-two dollars forty-three and one-half cents, payable in one year with interest, and one hundred and ninety-one dollars twenty-one and a-half cents, to be paid at the death of the widow of the said Charles Warner deceased, all which appears by the records of the said court; and the plaintiff, for the use aforesaid, says, that the said widow is long since dead, and the whole of the sums of money aforesaid are long since due and payable as aforesaid, whereby and by reason of the said sums of money being wholly unpaid, an action hath accrued to the plaintiff for the use of the said William in his lifetime, to have and demand the said sums of money with interest as aforesaid of and from the said John in his lifetime, and of and from the defendant since the death of the said John, and to the plaintiff for the use aforesaid

[Wampler v. Shissler.]

since the death of the said William. Yet although often requested, the said John in his lifetime, and the said defendant since his death, did not pay," &c.  On the 11th of September following, the defendant pleaded payment with leave, &c., upon which the plaintiff took issue.  But the defendant dying after this, and his death being suggested on the record, a *scire facias* was sued out, to make Thomas C. Hambly, to whom administration *de bonis non* of the estate of John Wampler deceased had been granted, a party.  Thomas C. Hambly accordingly became the defendant, and on the 8th of December 1840 was permitted by the court to add the plea of *nul tiel record*, upon which issue was also joined. The defendant below, at the same time, asked leave of the court to put in four additional pleas: "First, that the recognizance set out in the plaintiff's declaration, if any such was acknowledged by the said John Wampler, was entered into and acknowledged jointly and not severally with one Charles Warner and Michael Bablitz, and that the said Charles Warner and Michael Bablitz survived the said John Wampler.  Second, that the recognizance set out in the plaintiff's declaration, if any such was acknowledged by the said John, was entered into jointly and not severally with Charles Warner and Michael Bablitz, and that Charles Warner survived the said John Wampler.  Third, that the recognizance set out in the plaintiff's declaration, if any such was acknowledged by the said John, was entered into jointly and not severally with Charles Warner and Michael Bablitz, and that Michael Bablitz survived the said John Wampler.  Fourth, that the recognizance set out in the plaintiff's declaration, if any such was acknowledged by the said John Wampler, was entered into and acknowledged jointly and not severally with one Michael Bablitz, and that the said Michael survived the said John Wampler."  The court, however, refused leave to put in these pleas.

On the plea of *nul tiel record*, the court gave judgment in favour of the plaintiff; and on the plea of payment the jury found a verdict in favour of the plaintiff, and assessed the damages at $1196.53.

The errors assigned were, that the court erred, First, in refusing to grant the defendant leave to put in the four additional pleas specified above.  Secondly, in rendering judgment for the plaintiff on the plea of *nul tiel record*.

*Robert J. Fisher*, for plaintiff in error, cited in support of the first error, 5 *Bac. Abr.* 7; *Id.* 506; 12 *Serg. & Rawle* 154; 10 *Id.* 33; 4 *Watts* 51; 1 *Rawle* 255; 8 *Wheat.* 174; 1 *Chitty's Civil Pl.* 431; 1 *Saund.* 92, note (3); 2 *Lord Raym.* 250, 347; *Doug.* 476, 477; 1 *Term Rep.* 149.

In support of the second error, he cited 1 *Chitt. Civil Pl.* 486 (*ed.* 1840); *Com. Digest, Tit. Record* (*C*); 2 *Salk.* 564, 659, 660;

[Wampler v. Shissler.]

*Doug. Rep.* 667; 3 *Term Rep.* 445; *Doug. Rep.* 94; 2 *Yeates* 75; 4 *Watts* 330; 5 *Serg. & Rawle* 155; 1 *Cowen* 670, 686; 8 *Johns.* 425; 2 *H. Bl.* 560.

*Mayer*, for defendant in error, cited 13 *Serg. & Rawle* 265; 16 *Id.* 23; 1 *Stark. Ev.* 430, 431; 1 *Camp. Rep.* 14; *Stephens on Plead.* 430.

The opinion of the Court was delivered by

KENNEDY, J.—If the pleas offered by the plaintiff in error, and rejected by the court below, could not have availed him, it will be unnecessary to inquire whether the court ought to have permitted him to add them to his other pleas. For it is a rule that a party can not assign any thing for error unless he may possibly have been prejudiced by it. And as it will be shown in the examination of the second error assigned, that the recognizance, on which this action is founded, must be considered the several recognizance of John Wampler, since deceased, it follows as an inevitable consequence, that neither of the pleas, rejected by the court below, could have been of any possible advantage to the plaintiff in error.

The second error may be considered as presenting two questions: First, does the record of the recognizance produced, support the declaration? And, second, if it does not, may the declaration be amended so as to make it accord with the recognizance? It is objected, that the recognizance is not the sole recognizance of John Wampler, as set forth in the plaintiff's declaration, but the joint recognizance of him and Michael Bablitz, at least, if not also of Charles Warner. From the terms of the recognizance, there is certainly no ground for saying that it is the joint recognizance of Charles Warner, John Wampler, and Michael Bablitz; for in the binding part of the recognizance, Charles Warner is very distinctly separated from the other two, and he is thereby bound singly in the sum of $5811, without either of their names being mentioned. But it must be admitted that the like separation does not exist in the obligatory clause of the recognizance between John Wampler and Michael Bablitz, for they are joined by the conjunction " and," and thus joined, are bound in the like sum of money. But notwithstanding the recognizance, thus far, as between Wampler and Bablitz, would appear to be joint, and not several, yet the following clause of the recognizance, directing the manner in which the amount of it should be levied, renders it, as we conceive, the several recognizance of each. The words employed in this clause, are, " to be levied of their goods and chattels, lands and tenements, *respectively;*" which is equivalent to a provision that the amount should be levied of *each ;* or, as in *Beeson* v. *The Commonwealth for the use of Collins* (13 *Serg. & Rawle* 249) where the words, " to be levied and made of their *several* goods

[Wampler v. Shissler.]

and chattels, lands and tenements," in the case of a sheriff's recognizance, seem to have been thought sufficient to make it the several recognizance of each of the cognizors. We therefore think that, in this respect, the recognizance supports the declaration. But it is further objected, that the recognizance produced appears to have been taken to Walter Franklin and *Jacob* Hostetter, *Esquires, Judges of the Orphans' Court of York county,* whereas the declaration shows the recognizance therein mentioned to have been taken to Walter Franklin and *J.* Hostetter, without any mention of their being judges of the court in which it was taken, or of the Christian name of Hostetter. This may be regarded as a substantial variance, and would have warranted the court below in entering a judgment upon the plea of *nul tiel record* for the defendant, unless it were amendable. Such recognizances have been considered as taken to the judges of the Orphan's Court, rather in their official than individual characters. And upon this ground it would seem to have been ruled in *Kean* v. *Franklin* (5 *Serg. & Rawle* 147) that a suit upon a recognizance, taken in the Orphans' Court of Dauphin county, for the like purpose as in the present case, to John Joseph Henry, Esq., President of the Orphans' Court of Dauphin county, and his successors, was maintainable in the name of his successor, Walter Franklin, Esq., president of the Orphans' Court of the same county. But is the declaration amendable by this court, so as to make it correspond with the recognizance after a final judgment given in the court below, and the record thereof removed hither by writ of error? In England, where, by writ of error from the Common Pleas to the King's Bench, the record, and not a transcript of the judgment and proceedings therein, is removed and brought into the King's Bench, as is the case here on a writ of error from this court to any of the county Courts of Common Pleas, the amendment may be made in the Court of King's Bench. *Foster* v. *Taylers, Poph.* 196 ; *Rutter* v. *Redstone,* 2 *Stran.* 837. A preliminary question, however, arises here, whether it is not too late to make such amendment as is required. It is settled that the declaration of the plaintiff may be amended, not only in form, but likewise in substance : and that such amendment may be made after a plea in abatement of misnomer. *Rex* v. *Seaward* (2 *Stran.* 739); *Cox* v. *Wilbraham,* (1 *Salk.* 50); 1 *Lord Raym.* 669, S. C.; *Garner* v. *Anderson,* (*Stran.* 11) ; or a plea of *nul tiel record, Symonds* v. *Parmenter* (1 *Wils.* 87). In *Sweetland* v. *Beezley* (*Barnes* 4), the court permitted a *scire facias* against bail to be amended after issue joined on *nul tiel record.* And in *Perkins* v. *Petit* (2 *Bos. & Pull.* 275), Lord Eldon, chief justice, says, " We have no doubt of the power of the court to amend a *scire facias* against bail." Accordingly, in *Braswell* v. *Jeco* (9 *East* 316), the court directed two writs of *scire facias,* issued upon a judgment and the *declaration* in the *scire facias* thereon, to be amend-

I. — 47

[Wampler v. Shissler.]

ed, by stating the judgment and proceedings in the original action to have been against the defendant as a common person, and not as an attorney, conformably to the judgment roll.    And even after a final judgment rendered, and a writ of error brought, an amendment will be allowed in furtherance of justice.    Hence, in *Dickinson* v. *Plaisted* (7 *Term Rep.* 474), after judgment given on demurrer to a replication of *nul tiel record* for the plaintiff, and a writ of error taken to reverse the same, the court permitted the record to be amended by inserting a special memorandum of the day when the plaintiff's bill was filed, for the purpose of showing that, although the plaintiff's cause of action had accrued after the commencement of the term of which he filed his bill, yet it had accrued anterior to the day of the term on which the bill was actually filed.    So in *Richards* v. *Brown* (*Doug.* 114), a variance between the name of the attorney in the warrant and in the declaration was amended by altering the name in the warrant to that in the declaration, in a penal action, after writ of error brought and it had been assigned for error, that the attorney who had appeared in the record for the plaintiff had no warrant from him. Likewise in *Short* v. *Coffin*, referred to in a note to the case of *Richards* v. *Brown*, page 115, and reported in 5 *Burr.* 2731, the court amended a judgment by changing it from " *de bonis propriis*," to " *de bonis testatoris, si*, &c.," after error brought, *in nullo est erratum* pleaded, and argument in the Exchequer Chamber.    And it would seem that such amendment may be allowed, even after the record has been sent back from the Exchequer Chamber.    *Green* v. *Rennet*, 1 *Term Rep.* 782.

From the foregoing authorities the following principle may be fairly deduced : that generally an amendment will be allowed, whenever justice requires it.    And this principle would seem to have governed this court in allowing amendments to be made, especially when the merits of the case have been fully heard and tried ; and when it appears that the matter assigned for error could have produced no possible injury to the party complaining of it, the court will in general, in every such case, allow the amendment to be made in furtherance of justice.    *Prevost* v. *Nicholls*, (4 *Yeates* 479.)    It has been settled by this court in a number of cases, that the court below may order an amendment after a writ of error brought while the record remains with them ; *Furry* v. *Stone*, (2 *Dall.* 184: 1 *Yeates* 186 ;) *Berryhill* v. *Wells*, (5 *Binn.* 60 ;) *Paul* v. *Harden*, (9 *Serg. & Rawle* 23.)    And where the record has been removed, this court has sent it back for amendment ; *Spackman* v. *Byers*, (6 *Serg. & Rawle* 385.)    But this can seldom if ever be necessary, for this court having the record itself, and not a transcript thereof, before them, are competent to order and have the amendment made.

In *Burrows* v. *Heysham*, (1 *Dall.* 133) a *scire facias* against bail was allowed to be amended, after judgment rendered thereon for

[Wampler v. Shissler.]

the plaintiff, and after a writ of error brought. The writ recited the judgment as of a date anterior to that of the recognizance, which, from the record, appeared to be otherwise; and the court permitted the true date to be inserted. This was going in principle quite as far as it is requisite to go in this case: there the *scire facias* answered the purpose of the declaration here: there the *scire facias* was amended so as to make it correspond with the record of the judgment intended to be recited in it; and here all that is wanting is to amend the declaration so as to make it accord with the record of the recognizance intended to be set out in it. It is impossible to conceive how this amendment can occasion any real injury to the plaintiff in error. He did not rely entirely on the plea of *nul tiel record* as a defence; he also put in the plea of payment with leave, &c., upon which the merits of the case were fully investigated by the court and jury, and determined against him. It is not pretended that the court below committed any error in trying the cause upon its merits under the plea of payment with leave, &c. It must, therefore, be presumed that complete justice has been done between the parties by the result. It cannot, however, be denied that the declaration is very defectively framed. It is a matter of great regret that more attention is not paid by some of the gentlemen of the bar to pleading, than we find in many of the cases that come before us; because it is often the occasion of great delay in the administration of justice, as well as great additional expense to the parties. Beside the variance between the declaration and the recognizance assigned for error, there is a very important defect upon the face of the declaration which has not been noticed or excepted to. The suit, it must be observed, is brought in the name of the commonwealth, and yet no title whatever, in the commonwealth, is set out in the declaration to bring the action. There is an Act of the legislature, it is true, authorizing it, but that Act ought to have been referred to in the declaration, so that it might have appeared that the right of action had accrued to the commonwealth by force thereof, as well as by reason of the other matters therein mentioned. Seeing, however, this omission has not been assigned for error, we will not reverse the judgment on account of it, nor say whether it could have been amended had it been made an exception. The declaration is directed to be amended so that the recognizance shall be set forth in it correctly.

Judgment affirmed.