## Klapp *against* Kleckner.

An agreement to pay money, signed by two, but which in the body of it provides for the payment by one of them only, is a joint and several obligation.

ERROR to the Common Pleas of *Union* county.

George Kleckner against John Klapp. *Assumpsit*, founded upon the following agreement:

Article of an agreement made and entered into the 25th of March 1836, between George Kleckner, of Hartley township, Union county, Pennsylvania, of the one part, and Henry Charles of the township, county and state aforesaid, of the other part, witnesseth, that the said George Kleckner does, by these presents, agree to lease for rent, unto the said Henry Charles, all that parcel or tract of land, &c., for the term of three years, containing 100 acres, more or less, &c.; and the said Charles agrees to cut no timber more than is necessary for making fences, no hay nor straw to be sold nor given off the place; the said Charles is to pay all the taxes that may be assessed against said property; the house and lot occupied by Doughenbach is to be excepted; and the taxes of the said lot and house the said Charles shall be exempted from paying. For, and in consideration of the above-mentioned property, said Charles does agree to pay the said Kleckner $60 for the first year, $80 for each of the other two years, and give bail for the yearly rent of the above-mentioned condition. In testimony whereof we, the said parties, have hereunto set our hands and seals the day and date above-mentioned.

GEORGE KLECKNER,
H. CHARLES,
JOHN KLAPP, Surety.

Witness, CHARLES MASON.

The defence was, that it was a joint obligation, upon which this action against the surety alone could not be maintained.

LEWIS, (President), instructed the jury that the action was well brought, and that the plaintiff was entitled to recover.

*Weirich*, for plaintiff in error, argued that the contract was joint, and cited 10 *Watts* 258; 2 *Fairfield* 293; 2 *Watts & Serg.* 44.

*Slenker*, contra, cited 7 *Watts* 193; 5 *Mass.* 358; 1 *Blachford* 388; *Peak. N. P. Cas.* 130.

PER CURIAM.—The surety's contract was several as well as

[Klapp v. Kleckner.]

joint. A bond binding the parties, their heirs, executors and administrators, and *each* or *every* of them, was held so in *Besore* v. *Potter*, (12 *Serg. & Rawle* 154), as well as in subsequent cases; and in *Wampler* v. *Shissler*, (1 *Watts & Serg*. 365), a recognizance to be levied of the goods, chattels, lands or tenements of the parties *respectively*, was held to be joint and several. Here an intent to create a several liability is still more apparent in the style of the promises which were made in the name of the lessee. Thus, it was said, " the said Charles does agree to cut no timber," &c.; " the said Charles is to pay all taxes," &c.; " the said Charles does agree to pay the said Kleckner $60 for the first year," &c.; words which certainly make a several promise by the lessee; and if he is severally bound, so must his surety be. The several recovery against Charles, the lessee, therefore, did not bar the action against his surety; and it was properly sustained in the court below.

Judgment affirmed.