## Shamburg *versus* Noble.

A motion was made in the court below to set aside a sheriff's return of service of a writ as not being in accordance with the Act of Assembly; the motion was overruled and judgment by default was entered. A writ of error was filed, and before the record was removed, the sheriff obtained leave to amend his return. *Held*, that the court had the right to allow the amend ment.

November 23d 1875. Before SHARSWOOD, WILLIAMS, MER-CUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1875, No. 4.

On the 24th of July 1874, a summons in assumpsit was issued, viz.: Orange Noble against A. A. Bailey, George Gilmore, C. F. Lufkin and G. Shamburg.

The sheriff returned that he had served the writ on Lufkin personally; on Gilmore by leaving a copy at his residence; "on G. Shamburg by leaving with the clerk of the Mansion House in Titusville, his abode, a true and attested copy of the within writ," and "Nihil" as to Bailey.

On the 14th of August 1874, Shamburg obtained a rule to show cause why the service of the writ should not be set aside as to him, because the service was not in accordance with the Act of Assembly. On the 1st of September the rule was discharged. On the 2d of September judgment was entered against the de-

[Shamburg *v.* Noble.]

fendants served, for want of a sufficient affidavit of defence and the damages liquidated at $2703.23.

On the 1st of October a motion was made on behalf of Shamburg to set aside the judgment as to him, because,

1. The sheriff's return of "Served on G. Shamburg by leaving a true and attested copy of this writ with the clerk of the Mansion House, Titusville, his abode," is insufficient in law.

2. There was no return of service of the writ of summons upon the defendant, Shamburg, which would warrant a judgment against him, without a voluntary appearance.

3. There is no appearance for the defendant which would cure the defective service and return.

On the same day the motion was overruled.

On the 22d of October a writ of error at the instance of Shamburg was filed in the court below.

Subsequently the following proceedings were had in the court below :—

"And now, August — 1875, O. Reed, Esq., sheriff, asks leave to amend his return in this case, as to service of summons on G. Shamburg, so as to read as follows, viz. :—

"'August 1st 1874, served the original summons in this case on the defendant, G. Shamburg, by leaving a true and attested copy thereof at the house in which he resides, with an adult member of the family in which he resides.          O. REED, Sheriff.'

"Crawford county, ss.

"J. T. Chase, being duly sworn according to law, deposes and says, that he is, and on the 1st day of August 1874 was, deputy sheriff of Crawford county, and that on said day, as such deputy sheriff, he served the original summons in the above stated case of Orange Noble *v.* George Gilmore and others, on G. Shamburg, one of the defendants, by leaving a true and attested copy thereof with Mr. F. E. Cook, clerk of the hotel known as Mansion House, in the city of Titusville in said county, the said Shamburg then resided in said house, and the said F. E. Cook was an adult member of the family in which the said G. Shamburg then resided, he, the said G. Shamburg, being temporarily absent at the time."

On the 7th of August, leave was granted to the sheriff to amend his return as-above.

The defendant, Shamburg, assigned for error :—

1. Discharging the rule to set aside the service of the writ as to Shamburg.

2. Overruling the motion to set aside the judgment as to Shamburg.

*R. Sherman,* for plaintiff in error, referred to Act of June 13th 1836, sect. 2, Pamph. L. 572, 1 Br. Purd. 42, pl. 2.    The

[Shamburg *v.* Noble.]

return must show the mode of service : Weaver *v.* Springer, 2 Miles 42. The practice is to move to set aside the sheriff's return if it appears to be defective : Winrow *v.* Raymond, 4 Barr 501; Bujac *v.* Morgan, 3 Yeates 258 ; Kleckner *v.* County of Lehigh, 6 Whart. 66. A *de bene esse* appearance may be entered for the purpose of making the motion: Blair *v.* Weaver, 11 S. & R. 84; Bollard *v.* Mason, 16 P. F. Smith 138. The court below may order an amendment after writ of error brought, while the record remains with them : Wampler *v.* Shissler, 1 W. & S. 370 ; Spackman *v.* Byers, 6 S. & R. 385; Berryhill *v.* Wells, 5 Binn. 60; Short *v.* Coffin, 5 Burr. 2730.

*B. J. Reid,* for defendant in error.

Judgment was entered in the Supreme Court, November 26th 1875,

PER CURIAM.—The court below had a perfect right, even after a writ of error brought, to allow the sheriff to amend his return of service : Berryhill *v.* Wells, 5 Binn. 60 ; Spackman *v.* Byers, 6 S. & R. 385 ; Paul *v.* Harden, 9 S. & R. 23 ; Wampler *v.* Shissler, 1 W. & S. 370. The record in this case had not been removed and was still with the court below. The amended return is in strict conformity with the Act of Assembly. No doubt, upon the defendant's affidavit that he had not received the writ and was ignorant of the suit, and showing that he had a good defence, the court would have opened the judgment and let him into his defence. As the record stands amended there is no error.

Judgment affirmed.