# In re Division of the Township of Bern.

1. Inasmuch as Article VIII, section 2, of the Constitution declares, that townships shall form or be divided into election districts . . . . . in such manner as the Court of Quarter Sessions of the county in which the same are located, may direct, it lies not within the legislative discretion to take that power from the court.

2. The power to divide townships into election districts is vested in the Court of Quarter Sessions by the Constitution. The Act of May 18th, 1876, P. L., 178, is in conflict with the Constitution in commanding the court to confirm the report of the commissioners appointed under said Act, unless exceptions thereto be filed within a given time.

3. The Court of Quarter Sessions may, upon petition, divide a township into election districts in the exercise of their constitutional power, without the appointment of commissioners and without proceedings by view, review and exceptions.

March 3d, 1887. Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. GORDON, J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Berks county:* Of January Term 1887, No. 318.

The record showed the following: January 31st, 1887, a number of residents and voters of Bern township, Berks county, Pennsylvania, presented a petition to the judges of

the Court of Quarter Sessions of the Peace of said county, and filed the same, praying the said court to divide the said township of Bern into two election districts or precincts, in the manner therein specified, alleging that the same was necessary for the convenience of the voters.

February 7th, 1887, Supplemental petition was presented by other citizens of said township, joining in the petition of January 31st, 1887.

February 7th, 1887, Petition of citizens and voters of said Bern township was presented and filed, remonstrating and protesting against said proposed division, the manner of procedure being contrary to the Act of May 18th, 1876, P. L., 178.

After hearing, the court, ERMENTROUT, J., made the following order: And now, February 7th, 1887, the court being of opinion that the convenience of the electors and the public interests will be promoted by dividing the township of Bern into two precincts or election districts, as described and designated in the within petition, do order and decree that the said township of Bern be divided into two precincts or elections districts, designated first and second precincts, with boundaries as within described and designated.   These proceedings to be filed and entered of record.

The court at the same time appointed the election officers for each district and fixed the polling places.

The parties remonstrating, thereupon took this writ and filed the following assignments of error:

First. The court erred in granting the prayer of the petitioners, dividing Bern township into two election districts.

Second. The court erred in dividing the township of Bern into two election districts or precincts, without appointing three impartial men to inquire into the propriety of granting the prayer of the petitioners.

Third. The court erred in dividing the township of Bern into two election districts without the appointment of commissioners, and without proceeding by view, review and exceptions.

Fourth. The court erred in dividing Bern township into two election districts upon the application of the petitioners, who do not aver that they or any twenty of their number are freeholders resident in said township.

*Adam B. Rieser*, for plaintiffs in error.—Has the Court of Quarter Sessions the power to divide townships into election districts without the appointment of commissioners, and without proceeding by view, review and exceptions?

Under and by virtue of section 11, Article VIII, of the

constitution the Courts of Quarter Sessions derive general jurisdiction of the subject matter. The Constitution, however, does not point out how such divisions shall be made, nor the manner by which said court is to determine when the convenience of the electors requires such a division. The court, below mistook the power which the Constitution confers upon the Court of Quarter Sessions when they took the ground that the said court had absolute authority to order a division of the township, without the intervention of commissioners, and that the Act of May 18th, 1876, P. L., 178, did not apply.

It has been the uniform practice to exercise this constitutional power in the manner provided by the Act of May 18th, 1876, P. L., 178; *In re* Boggs Township, 2 Amerman, 145; *In re* Petition of Schultz, 41 Leg. Int., 16; Buckalew on the Constitution, 204, 205; *In re* Nescopeck Township, 1 Kulp, 130; *In re* Jackson Township, 2 Id., 340; *In re* Huntingdon Township, 3 Id., 367.

The petition itself has many defects. It does not aver that the petitioners or any twenty of them are freeholders. Neither is it sworn to; and not a line of testimony was taken for the information of the court. Under all these circumstances the order of the court below dividing the said township of Bern into two election districts or precincts must be reversed, and the proceeding set aside.

*Ermentrout & Ruhl*, for defendants in error.—The Act of May 18th, 1876, is in clear conflict with the constitution and cannot control it. It is clearly unconstitutional so far as the purposes of this proceeding are concerned. Nowhere is such power lodged in the legislature; but by the constitution, the higher organic law, it is placed in the courts. The language of the constitution is, "shall form or be divided into election districts in such manner as the court . . . . . may direct." Not as the legislature may direct. It is a useless piece of legislation and should never have been passed.

We know of but one case reported in the books where the question was clearly and definitely raised and adjudicated, viz.: In the matter of the Contested Election of District Attorney of Dauphin county, 11 Phila. R. p., 645, wherein the right of John B. McPherson, Esq., to hold the office of district attorney was contested, *inter alia*, on account of an alleged wrongful division of an election precinct. In deciding the question PIERSON, J., said: "prior to the adoption of the present constitution, there were numerous statutes pointing out the method of dividing wards, boroughs and townships into election precincts, which required all of the paraphernalia pointed out by the petitioners in their argument, and no such

division could ordinarily be made in less than six months—two terms of the sessions, and frequently more, where the same was contested. We are of opinion that all of these laws are abrogated, no longer have existence, and are virtually repealed.

The opinion of the court was filed March 14th, 1887.

PER CURIAM.—Inasmuch as Art. VIII, sect. 2, of the constitution declares that townships shall form or be divided into election districts . . . . . in such manner as the Court of Quarter Sessions of the county in which the same are located may direct, it lies not within legislative discretion to take that power from the court. The Act of 18th May, 1876, which is now invoked, is so framed as by its terms to command the Quarter Sessions to confirm the report of commissioners unless exceptions be filed within a given time. The court correctly held the power still rests with the Court of Quarter Sessions. where the constitution placed it.

Judgment affirmed.