# H. P. Anderson, Appellant, *v.* Cecil McMichael and William Snyder.

*Appeals—Interlocutory order—Practice, Superior Court.*

No appeal lies from an order of the common pleas refusing a rule to show cause why an appeal from a magistrate should not be dismissed, appellants having failed to make an affidavit required by the Act of July 14, 1897, P. L. 271, provided that the proper affidavit is made within fifteen days. Such order is interlocutory and is neither a final judgment nor an order in the nature thereof, and an independent appeal does not lie. Yost v. Davison, 5 Pa. Superior Ct. 469, followed.

Argued Nov. 19, 1897. Appeal, No. 154, Oct. T., 1897, by plaintiff, from order of C. P. Chester Co., discharging rule to show cause why an appeal from a magistrate should not be dismissed. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Appeal quashed.

Appeal from judgment of magistrate.

It appears from the record that judgment was rendered by a magistrate in favor of the plaintiff for $19.75. On July 26, 1897, appeal filed and entered. On September 27, 1897, a rule was granted to show cause why the appeal should not be dismissed for the reason that defendant had failed to make the affidavit required by the Act of July 14, 1897, P. L. 271. On October 11, 1897, the court dismissed the rule under consideration, provided the proper affidavit is made within fifteen days from date. Plaintiff appealed.

*Error assigned* was to the order of the court, dismissing the rule to show cause why appeal should not be dismissed, based on the admitted fact that the appellant did not make the affidavit required by law.

*W. S. Harris,* for appellant, cited Act of July 14, 1897, P. L. 271, Cressman v. Bossing, 9 Atl. 191, and Wilson v. Kelly, 81 Pa. 411.

*Thomas W. Pierce,* for appellee.

PER CURIAM, December 13, 1897:

The question raised by the motion to quash is ruled by our decision in Yost v. Davison, 5 Pa. Superior Ct. 469, and the cases there cited, and needs no discussion.    The order appealed from is neither a final judgment nor an order in the nature of a final judgment, but is interlocutory, and from it an independent appeal does not lie.

The appeal is quashed at the cost of the appellant and the record remitted with a procedendo.