In re Division of Wards of the City of Pittsburg into Election Districts. Appeal of W. S. Guffey et al.

*Appeals—Certiorari—Proceedings for election districts—Practice, C. P.*

In proceedings to divide a municipality into election districts upon final decree an appeal will lie upon which the regularity of the whole proceedings may be reviewed, but only in the mode formerly allowed under the writ of certiorari.

*Appeals— Decree appointing commissioners interlocutory.*

A decree appointing commissioners to divide a municipality into election districts under article VIII. of the constitution, and an order refusing to quash proceedings upon such petition, are interlocutory orders and as such will not sustain an appeal.

Argued May 4, 1898. Appeal, No. 112, April T., 1898, by W. S. Guffey et al., from order of Q. S. Allegheny Co., June Sess., 1897, No. 33, granting petition to appoint commissioners in the matter of redistricting the wards of the city of Pittsburg into election districts. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Appeal quashed.

Petition in re division of the wards of the city of Pittsburg into election districts.

The essential facts appear in the opinion of the court.

The prayer of the petition was granted and commissioners appointed and directed to make a report of their work to the court after due notice to be given. W. S. Guffey et al., appealed.

*Errors assigned* were (1) in making the order or decree as follows: "And now, the 24th day of July, 1897, the above

petition presented in open court, and on due consideration the prayer thereof is granted and the following named persons are hereby appointed commissioners, viz: A. C. Robertson, F. J. Klump, S. D. Warmcastle, S. J. Toole, George L. McFarland Wm. M. Randolph and John H. Moore, to divide into election districts and make a report of their work to this court. Ten days' public notice to be given of the time and place of meeting to be held." (2) In making the following order: "September 24, 1897, motion to quash proceedings presented in open court and refused." (3) In refusing to quash the entire proceeding.

*Charles A. O'Brien*, with him *Levi McQuiston*, for appellants.

*A. C. Robertson*, and *W. A. Randolph*, for appellee, submitted no paper-book.

Per Curiam, July 29, 1898:

This is an appeal from an order appointing viewers to divide the city of Pittsburg into election districts. The proceeding is still pending, and, although it was stated on the argument that the viewers had reported, or were prepared to report, we, of course, have no means of knowing what will be the final action of the court thereon. Possibly the court may refuse to confirm the report, and in that case the exceptants will have no occasion to appeal. If, however, the court confirms the report, and makes a final decree in accordance therewith, an appeal will then lie upon which the regularity of the whole proceeding may be reviewed in the mode formerly allowed under the writ of certiorari. In view of some suggestions contained in the paper-book we remark that our authority extends no farther than to see that the quarter sessions had jurisdiction and proceeded with regularity, and to determine this we can look at the record only. See In re Twp. of Berne, 115 Pa. 615; In re Boggs' Twp., 112 Pa. 145. But whatever may be our revisory power we ought not to be asked to hear the case piecemeal. Appeals should not be resorted to when the effect is to bring cases into the appellate court by instalments; such a practice is attended with obvious disadvantages and unnecessarily delays their final disposition: Lauer v. Lauer Brewing Co., 180 Pa. 593; Yost

v. Davison, 5 Pa. Superior Ct. 469. The orders are clearly interlocutory, and although we should grant the request of counsel, and ex gratia pass on the question, nothing would prevent other parties interested, not now before us, from bringing the case here again after final decree. We, therefore, do not feel at liberty to depart from the well-settled practice founded on the statute of refusing to entertain appeals from interlocutory decrees. See Irwin's Appeal, 7 Pa. Superior Ct. 354; Starr's Estate, 3 Pa. Superior Ct. 212; Anderson v. McMichael, 6 Pa. Superior Ct. 114; Transit Co. v. Pipe Line Co., 180 Pa. 224.

The appeal is quashed.