# Green *v.* Prince Metallic Paint Company, Appellant (No. 2).

*Appeals—Correction of record—Equity procedure—Control by the lower court.*

The court of common pleas retains jurisdiction of a case appealed, until the record is actually removed, to correct a mistake apparent upon the face of the record where there is anything to correct by, in order that the true record may be sent to the appellate court.

Where a decree is entered in an equity suit before exceptions to the findings of facts and conclusions of law have been argued, and an appeal has been taken so as to have the decree modified to be a decree nisi only, the court may, pending the appeal,—the record not having been removed—direct argument upon the exceptions, and upon the exceptant refusing the opportunity to be heard, enter a final decree. In such a case the appellate court will affirm the second decree at the cost of the appellant and will modify the first decree so as to be a decree nisi, at the cost of the appellee.

Argued Jan. 12, 1904. Appeal, No. 49, Jan. T., 1904, by de-

fendant, from decree of C. P. Carbon Co., Oct. T., 1902, No. 1, on bill in equity in case of Richard Green v. Prince Metallic Paint Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of the Superior Court and by Green v. Prince Metallic Paint Co. (No. 1), ante, p. 415.

*Error assigned* was the decree of the court.

*Frederick Bertolette,* for appellant.—The legal effect of the certiorari is to suspend all claims and all actions under the decree of the court below until a final decision by the Superior Court.    Until the judgment of the Superior Court was rendered the contest was pending.    The court had no authority to hear argument or make any order : Gardiner v. Murray, 4 Yeates, 560 ; Luzerne County v. Trimmer, 95 Pa. 97 ; Patchin v. Mayor, etc., of Brooklyn, 13 Wendell, 664 ; Ewing v. Thompson, 43 Pa. 372 ; New Brighton, etc., R. R. Co. v. Pittsburgh, etc., R. R. Co., 105 Pa. 13 ; Com. v. Kistler, 149 Pa. 345 ; Hunt v. Lambertville, 46 N. J. L. 59 ; State v. Clerk of Passaic, 25 N. J. L. 354 ; Keyser v. Farr, 105 U. S. 265 ; Perry v. R. R. Co., 74 Ga. 411 ; Stewart v. Stringer, 41 Mo. 400 ; Frantz v. Kaser, 3 S. & R. 395 ; McCarren v. McNulty, 73 Mass. 140 ; Chicago Lumber Co. v. Tomlinson, 39 Pac. Repr. 694 ; Merrian v. Nash, 3 W. N. C. 155 ; Morgan's App., 125 Pa. 561 ; Jeanes's App., 116 Pa. 573 ; Kelley v. Donnelly, 16 Pa. Superior Ct. 363 ; Gibbons's App., 104 Pa. 587.

*E. O. Nothstein,* with him *William G. Freyman,* for appellee. —The same has been held in Guffey's App., 7 Pa. Superior Ct. 478 ; Com. v. Stephens, 9 Pa. Superior Ct. 218.

That the court was right in disregarding the first appeal taken by the appellant to No. 52, Jan. T., 1904, and treating it as a nullity is shown by the following authorities : Robinson v. Glancy, 96 Pa. 89 ; Dissolution of the Titusville Oil Exchange, 10 Pa. Superior Ct. 496.

OPINION BY RICE, P. J., July 28, 1904 :

The proceedings in this case up to the entering of the decree

of July 13, 1903, are recited in our opinion disposing of the appeal from that decree. At an argument court held after that appeal was taken and the writ of certiorari delivered to the prothonotary of the court below, the appellee's counsel called up for argument the exceptions to the judge's findings of fact and conclusions of law. The appellant's counsel not being prepared to argue them at that time, a later day was fixed by the court, and as he was engaged in another court on that day the court again postponed the hearing until October 7, 1903, and directed that the counsel be notified to that effect. On the day named the counsel appeared and filed a paper reciting the former proceedings and the pendency of the appeal taken in July, and suggesting that no further proceedings could be had in the case. Three days later the president judge filed an opinion, in which he stated that the exceptions had not theretofore been passed upon by the court, and made a formal order dismissing them, stating therein that it was made "after a careful review of the entire case upon due consideration of all the exceptions filed." He at the same time entered a final decree in the exact words of the decree of July 13, 1903. Afterwards the defendant filed exceptions to this decree and then took this appeal.

The appellant's counsel does not ask us to review the case upon the merits; what we are asked to do is to set aside the order dismissing his exceptions to the judge's findings of fact and law, and the decree made at the same time, and to send the cause back for a hearing upon the exceptions as provided in Equity Rule 66. The learned counsel takes the position that he was not bound to appear and argue the exceptions at the time appointed for that purpose because the effect of the certiorari issued in conjunction with the former appeal was, after it was filed, to stay further proceedings in the court below, and to remove the record into this court. "That such is the effect of a certiorari except in cases where the legislature has made a different rule, is the doctrine of all the cases. It is not itself a writ of supersedeas, but it operates as one by implication. Originally in fact, and now always in theory, at least, it takes the record out of the custody of the inferior court, and leaves nothing there to be prosecuted or enforced by execution:" Ewing v. Thompson, 43 Pa. 372; Commonwealth v.

Kistler, 149 Pa. 345.    But Justice STRONG goes on to say in
the opinion from which we have made the foregoing quotation,
that it is not clear, either in reason or in authority, that col-
lateral action is erroneous or void, and cites, as an illustration
of action that may be taken, the issuing of a vend. ex. to en-
able the completion of the execution of a fi. fa. issued before
the service of the certiorari.    So also in New Brighton, etc., R.
R. Co. v. Pittsburg, etc., R. R. Co., 105 Pa. 13–22, it was held
that while an. appeal duly taken and perfected from a final in-
junction decree operated as a supersedeas or stay of proceed-
ings to enforce the decree, nevertheless the court below had
the right, concurrently with the Supreme Court, to control the
action of the respective parties, in so far as to preserve the
status quo of each, as it was at the time the decree was made.
This rule was incorporated in section 9 of the subsequent Act
of May 19, 1897, P. L. 67.    It seems also, that even at com-
mon law the court retains jurisdiction, until the record is ac-
tually removed, to correct a mistake apparent upon the face of
the record, where there is anything to correct by, in order that
the true record may be sent to the appellate court.    See Hovey
v. McDonald, 109 U. S. 150 (3 Sup. Ct. Rep. 136), also,
opinion of ALLISON, P. J., in Contested Election of 1868, 2
Brewst. 1, 122.    In Shamburg v. Noble, 80 Pa. 158, a motion
was made to set aside a sheriff's return of service of a writ as
not being in accordance with the statute; the motion was over-
ruled and judgment by default was entered; the defendant
then sued out a writ of error, and after it was filed in the court
below, but before the record was actually removed, that court
allowed the sheriff to amend his return.    In affirming the
judgment the Supreme Court said : " The court below had a
perfect right, even after a writ of error brought, to allow the
sheriff to amend his return of service : Berryhill v. Wells, 5
Binn. 56 ; Spackman v. Byers, 6 S. & R. 385 ; Paul v. Harden,
9 S. & R. 23 ; Wampler v. Shissler, 1 W. & S. 365.    The rec-
ord in this case had not been removed and was still with the
court below. . . . As the record stands amended there is no
error." See also Church's Appeal, 103 Pa. 263.    Section 16
of the act of 1897, supra, so far as material here, provides as
follows : "Nothing herein contained shall operate to hinder
the court below . . . . from proceeding with the cause ap-

pealed from in anything not affected by the subject-matter of the appeal." We have held that the defendant had a right to have the decree of July 13 modified so as to be a decree nisi only, and to appeal to this court for that purpose. But to attain the object sought by the appellant it was neither necessary nor proper for this court to pass upon the questions raised by the exceptions to the judge's findings, and the counsel recognized this in the manner in which he presented the case. Any adjudication that could be obtained on that appeal would not affect those questions ; the findings and exceptions thereto, to adopt the language of the act, were " not affected by the subject-matter of the appeal." Hence, the action of the court in proceeding to a hearing upon them pending the appeal, and dismissing them—the record not having been removed—was not in excess of its power. Its purpose and effect were to accord to the defendant the very hearing for which it is now contending, and to expedite the cause by putting the record in condition for review in the appellate court upon the merits. The court was careful to give the defendant the fullest opportunity to be heard upon its exceptions, and as the defendant chose not to accept it, it is now not in position to claim the right to have the case sent back for another hearing. Nor, for the same reason, and the additional reasons that the testimony has not been printed and that the court had given its reasons for its findings and conclusions in its original opinion, is the appellant in position to complain because the court did not go over the ground again in its final opinion. We have, however, given to the case such examination as was possible without having the evidence before us, and are of opinion than the judge's conclusions of law and the decree are supported by the findings of fact and the pleadings.

If we are correct in our conclusion, that the court had power to proceed to a hearing of the exceptions and to make the order dismissing them, and that the appellant is not entitled to have the cause remanded for a rehearing thereupon, we cannot see that it makes any practical difference whether we affirm the decree accompanying the order, or set it aside and remand the cause with directions to enter a new decree to the same effect, or we confirm and make absolute the decree of July 13. We shall, however, so frame our decree as to end the case, and at

the same time relieve the defendant from any conceivable consequences of the action of the court below against which it is now entitled to protection.

The order of October 10, 1903, dismissing the defendant's exceptions is affirmed; the decree of July 13, 1903, is modified, as of that date, so as to have the effect in the meantime of a decree nisi, and (in substitution for the decree of October 10, 1903,) is now confirmed and made absolute; the Prince Metallic Paint Company, the appellant, is directed to pay the costs of this appeal, and Richard Green, the appellee, is directed to pay the costs of the appeal entered in this court to No. 52, January term, 1904; and the record is remitted to the court below with directions to carry this decree into effect.