# Waynesburg Borough's North Ward.

*Appeals—Certiorari—Boroughs—Division into wards—Review—Commissioners—Rules of court.*

On an appeal from an order of the quarter sessions dividing a borough ward into election districts the appellate court is confined strictly to questions affecting the jurisdiction of the quarter sessions, and the regularity of the proceedings therein, and in the determination of these questions it cannot go outside of the record which the certiorari brings up. The record of other proceedings, such as the division of boroughs into wards, or the annexation of lands to the borough, are not and cannot be brought up by the writ, and therefore cannot be considered.

The court of quarter sessions may upon petition divide a borough ward into election districts in the exercise of its constitutional power without the appointment of commissioners, and without proceeding by view, review and exceptions.

A rule of the quarter sessions providing that commissioners shall not be appointed upon a petition for the erection or division of an election district without proof that ten days' written notice of the time of making the application has been served upon the county commissioners, does not apply to a case where commissioners are not to be appointed.

The fact that a petition for the division of a borough ward into election districts indicated the number of the districts and their boundaries, is not a fatal objection to the proceedings, where there is nothing to show that the court was constrained by the petition to adopt the lines of division therein recommended without exercising its own judgment and discretion.

On an appeal from an order dividing a borough ward into election districts, where the order of the court below purports to divide the whole ward into three districts, the appellate court has no jurisdiction to determine a disputed question as to whether the three districts with the boundaries indicated in the order make up the whole of the ward.

Where an order dividing a borough ward into election districts gives the boundaries by streets, it is not invariably necessary that the courses and distances of the boundaries should be stated.

Where the court of quarter sessions has entered a decree dividing a borough ward into election districts, and an appeal has been taken therefrom, the court below may, before the removal of the record and the return day of the writ, order that a map or plot of the districts and in strict conformity with the order, be filed nunc pro tunc.

If such an order purports on its face to be made by the court and this accords with the record entries, the order will be taken on appeal as having been made by the court as such notwithstanding the allegation that it was made by the president judge alone in vacation. The record imports verity.

The court of quarter sessions when it divides a borough ward into election districts, may make the appointment of the first election board and designate the polling place.

Argued Oct. 2, 1905. Appeal, No. 24, April T., 1906, from order of Q. S. Greene Co., May T., 1905, No. 1, dividing a borough ward into election districts in case of Waynesburg Borough's North Ward. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for division of the North Ward of the Borough of Waynesburg into three election districts. Before CRAWFORD, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* amongst others was the order of the court.

*F. P. Iams*, with him *S. S. Walton, S. M. Smith, M. E. Carroll, W. J. Kyle, S. F. Grim* and *A. F. Silveus*, for appellant, cited: Henderson's Case, 2 Watts, 269 ; Harrison Twp., 5 Pa. 447.

*James J. Purman*, with him *B. N. Freeland*, for appellees, cited: Guffey's App., 7 Pa. Superior Ct. 478; Bern Twp., 115 Pa. 615.

OPINION BY RICE, P. J., December 10, 1905:

The arguments, both oral and printed, presented upon this appeal, took a very wide range, and to some extent were based upon matters which, not being shown by the record proper,

cannot be considered by us. The appeal is from an order of the quarter sessions dividing the north ward of the borough of Waynesburg into three election districts. Our revisory jurisdiction on such appeal is simply that which the Supreme Court had on certiorari prior to the act designating every appellate proceeding an appeal. It is confined strictly to questions affecting the jurisdiction of the quarter sessions and the regularity of the proceedings, and in the determination of those questions we cannot go outside the record which the certiorari brings up : Guffey's Appeal, 7 Pa. Superior Ct. 478. The record of other proceedings, as for example the division of the borough into wards, or the annexation of lands to the borough, were not and could not be brought up by the writ, and therefore, although referred to or printed in the paper-books, must be left out of consideration : Esling's Appeal, 89 Pa. 205.

The order was made upon the petition of residents and voters of the ward, and without the preceding appointment and report of commissioners, in accordance with the provisions of the Act of May 18, 1876, P. L. 178, as amended by the Act of June 24, 1885, P. L. 149, and notwithstanding the objection raised by the exceptions filed before the decree was made that these statutes outline and direct the course of procedure that should be followed by the court. In answer to this objection it seems sufficient to refer to In re Township of Bern, 115 Pa. 615, where it was distinctly held that the court of quarter sessions may upon petition divide a township into election districts in the exercise of their constitutional power without the appointment of commissioners, and without proceeding by view, review and exceptions. In view of this decision the question raised by the exception above referred to is not open to discussion.

But it is claimed that even though the court of quarter sessions may upon petition divide a township or ward into election districts in the exercise of its constitutional power without the appointment of commissioners, and without proceeding by view, review and exceptions, it cannot disregard its own rules, adopted to regulate the practice under the statutes and the constitutional provision relating to the subject. We need not take up time in consideration of the question whether the court may by rule bind itself, under any and all circumstances, to appoint commissioners and to proceed by view, review and

exceptions, because it does not appear that the court below adopted such rule. The rule quoted in the eighth assignment simply provides that commissioners shall not be appointed upon a petition for the erection or division of an election district without proof that ten days' written notice of the time of making the application has been served upon the county commissioners. Obviously this rule does not apply to a case where commissioners are not to be appointed, and no other rule bearing upon the subject has been called to our attention.

Another objection raised in the court below by the appellant's first exception was, that the petition was defective in that it fixed the number of the districts and indicated their boundaries, " thereby taking from the court its discretion in that regard." The overruling of this exception is one of the matters assigned for error. If there were anything in the record to show that the court felt constrained by the petition to adopt the lines of division therein recommended, without exercising its own judgment in the premises, or notwithstanding its own judgment formed upon a consideration of all the pertinent facts and circumstances that the convenience of the electors and the public interests would be more fully accomplished by a different division, or by no division at all, there would be merit in this assignment of error. But there is no ground whatever for surmising even that the court proceeded upon any such erroneous theory as to its powers and duties. On the contrary the order recites, and the presumption would be the same in the absence of the recital, that it was made after due consideration, and because the court was of opinion that the convenience of the electors and the public interests would be promoted thereby. No presumption that the court did not exercise the judgment and discretion vested in it by the constitution arises from the fact that it adopted the scheme of division recommended by the petitioners. This is precisely what was done in In re Bern Township, 115 Pa. 615, in which case the order was affirmed upon appeal.

The objections to the order most vigorously urged by the appellants' counsel are that it does not define the districts with sufficient certainty, and that whilst purporting to divide the ward into three election districts there are portions of the ward not embraced within the description of either of these

districts.   The description of the three districts, as set forth in
the petition, is substantially as follows: District No. 1, all
that part of the ward lying north of High street and east of
Washington street; district No. 2, all that part of the ward
lying north of High street and bounded by Washington street
on the east and Richhill street on the west; district No. 3, all
that part of the ward lying north of High street and west of
Richhill street.   The original order was, in substance, that the
north ward be divided into three election districts, numbered
1, 2 and 3, and "with boundaries described in the petition."
The clear intent was to include in these three districts the
entire territory of the ward, and to include no other territory.
There is no room for doubt on that score.   It is equally clear
that this intent was carried into effect by the foregoing de-
scription of the three districts, and that this description defines
the boundaries of the districts with reasonable certainty, if in
fact High street coincides with the southern boundaries of the
ward, and Washington street and Richhill street extend there-
from to the northern boundary.   It is not disputed that at the
points where High street is intersected by these two streets it
forms the southern boundary of the ward, but it is asserted by
the appellants that Washington and Richhill streets do not
extend to the northern boundary, and it is asked, "What then
is to become of that portion of the north ward lying north of
the termini of the streets?"   In view of the clear intent to
leave no part of the ward outside the three districts it seems
to the writer that upon the statement of facts suggested by the
appellants' counsel, the plain and reasonable interpretation of
the order would be that the division lines intended to be
established thereby were the center lines of Washington and
Richhill streets protracted to the northern line of the ward.
But it is unnecessary, as we view the case, to decide that
point.   The allegation of fact, namely, that these two streets do
not extend to the northern boundary of the ward is not ad-
mitted by the appellees.   On the contrary, they assert unquali-
fiedly that they "extend entirely through such ward from
High street on the south to Franklin township on the north."
It is thus seen that any argument for or against the validity
of the order, so far as such argument is based on facts which
do not affirmatively appear of record, and are in dispute, must

necessarily be unavailing on appeal, where the revisory power of the appellate court is restricted to the correction of errors apparent in the record which the certiorari brings up.

But it is argued that the description of the three districts is insufficient on its face, because neither the petition nor the order states the courses of the streets mentioned, or states that the streets wholly intersect the ward. We do not regard either of these as a fatal objection. There is no express constitutional or statutory requirement that the courses of the boundary line of an election district must invariably be set forth in the order creating it. Under some circumstances this would be necessary to an adequate description of the district, and in such a case this mode should be followed. But the proposed district may be so situated that it can be fully designated by natural boundaries, under which term we include city or borough streets. If often may happen that the objects to be accomplished will be fully secured by that mode of description, and perhaps more fully than by any other. In such case it is not imperatively required that, in addition to the name of the street adopted as a boundary, its angles and courses shall be given. The question of the sufficiency of the description of an election district established by the court of quarter sessions under its constitutional power, depends somewhat upon matters of fact within the knowledge of that court or brought to its knowledge in a legitimate way. As already indicated, there is no mode whereby its decision of these questions of fact can be brought up for review. Therefore it is only where the description would be inadequate, even assuming the facts to be as affirmatively asserted or clearly implied in the order, that we would be warranted in declaring the description insufficient, and setting aside the order upon that ground. Taking this order as a whole, it clearly implies that the ward is naturally subdivided into three parts by two intersecting streets, and if this be the fact, as for the purposes of this appeal it must be presumed to be, we cannot say that the adoption of the description of these three natural subdivisions as the description of the three election districts, was not sufficient in law.

The next question requiring notice is raised by the second assignment. After this appeal was taken, but before the

return day of the writ and the actual removal of the record, there was filed in the court below a map or plot, which, according to the order pursuant to which it was filed, shows the division of the ward "into election districts or precincts as fully described in the decree of May 15, 1905, and showing the boundary of each of said districts or precincts." This was directed—we again quote from the order—"to be filed in this case nunc pro tunc as of May 15, 1905, and the same is hereby made part of the decree in this case, which decree was made on that date." It will be observed that the original order was not changed in any substantial particular. The map or plot is in strict conformity with it. Although not absolutely essential to the validity of the proceedings, it would have been well if it had been filed when the original order was made ; but according to the doctrine of many decisions it was an amendment which the court had power to make prior to the removal of the record and the return day of the writ, notwithstanding the appeal : Gunn v. Bowers, 126 Pa. 552 ; Shamburg v. Noble, 80 Pa. 158, and cases there cited ; Commonwealth v. Silcox, 161 Pa. 484 ; Clark v. Clark, 180 Pa. 186 ; Green v. Prince Metallic Paint Co., 25 Pa. Superior Ct. 418.

It is urged further that the supplemental order last referred to is invalid because it was made, not by the court as such, but by the president judge in vacation. The answer made by the appellees' counsel to this proposition, and we deem it sufficient, is that the order on its face and in the manner in which it is signed, purports to have been made by the court, and this accords with the record entries. For purposes of this proceeding the record imports verity.

The remaining question to be considered arises upon an objection which appears, so far as we observe, not to have been made in the court below, but which necessarily must be considered in passing upon the validity of the final decree. The question is as to the power of the court of quarter sessions to appoint the officers to hold the first election, and to designate the polling place, where the court erects an election district under its constitutional power, and without following the proceedings set forth or prescribed by the act of 1876. A review of the legislation upon the subject has convinced us that in such

a case the court has the power which was exercised in this case. It is not necessary to put this conclusion upon the ground that it is implied in the power given to the court to establish a new election district. It is true the act of 1876 apparently applies only to cases where the procedure prescribed by that act has been followed, in other words, where there has been a report of commissioners. It is true, also, that by the Act of January 30, 1874, P. L. 31, it was provided in the sixth section that the judges of the court of common pleas should have the power to appoint the election boards " where any new district shall be formed," but that section was amended in 1893 and again in 1897, so that apparently that clause of the sixth section was eliminated. Indeed, it is not claimed by appellants' counsel that the court of common pleas has the authority to make the appointment in such case. But in view of this amendment of the sixth section of the act of 1874 we are inclined to the opinion that the power of the quarter sessions in a special case like the present to make the appointment of the first election board and fix the polling place, which power was conferred by the acts of 1854 and 1855, still exists. It is not irrelevant to notice, although the question appears not to have been discussed in that case, that in the Bern township case the court of quarter sessions exercised the power to appoint the election board and fix the polling place as was done in this case.

Upon a full view of all the record we find no error therein which would warrant us in reversing or setting aside the proceedings. The order is affirmed.