# Fell Township Polling Place.

*Election law—Constitutional law—Polling place—Act of May* 18, 1876,
*P. L.* 178.

The power conferred upon the court of quarter sessions to form elec-
tion districts by art. VIII, sec. 11 of the constitution cannot be abridged
by the legislature, and the Act of May 18, 1876, P. L. 178, relating to
the procedure in such matters, is not binding upon the court; nor can
the court delegate its constitutional power; but if it chooses to adopt
the method provided by the act of 1876 to obtain the information nec-
essary to enable it to act, and enter a decree in a proper exercise of its
discretion, such decree will not be reversed by the appellate court.

Argued March 4, 1909.   Appeal, No. 69, March T., 1909, by
John Dolan, from order of Q. S. Lackawanna Co., Dec. T., 1907,
No. 207, dividing election district In re Erection of Polling
Place in Fell Township.   Before RICE, P. J., PORTER, HENDER-
SON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Petition for appointment of commissioners to divide election
district.   Before EDWARDS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order dismissing exceptions and con-
firming report of commissioners.

*J. E. Sickler*, for appellant.

*H. W. Mumford*, for appellee.

OPINION BY RICE, P. J., April 19, 1909:

It was decided In re Bern Twp., 115 Pa. 615, that inasmuch
as art. VIII, sec. 11, of the constitution declares that townships
and wards of cities or boroughs shall form or be divided into
election districts of compact and contiguous territory, "in such
manner as the court of quarter sessions of the city or county
in which the same are located may direct," it lies not within
legislative discretion to abridge or take that power from the
court.   Whilst the clause of the act of 1876, that is particularly
animadverted on in the opinion is that which commands the
quarter sessions to confirm the report of the commissioners

unless exceptions be filed within a certain time, yet viewing the decision in the light of the proceedings in the quarter sessions that were affirmed, it clearly implies that the court's power to regulate the procedure, as well as its power to form or divide election districts, is derived directly from the constitution, and that in the exercise of the latter power the court is not required to adopt any part of the procedure of the Act of May 18, 1876, P. L. 178. This was the view taken by us in Waynesburg Borough's North Ward, 29 Pa. Superior Ct. 525. It logically follows that the quarter sessions cannot delegate its constitutional power, or bind itself by rule of court or otherwise, to abide by the discretion of others in this matter. But such delegation of power and surrender of its discretion are not to be implied from the mere fact that the court proceeds in the statutory mode to obtain the information necessary for it to have in order to exercise its discretionary power properly. But let it be assumed, for the sake of argument only, that the appointment of commissioners to inquire into the propriety of creating the election district prayed for, to make a plot of the proposed new election district, if the same could not be fully designated by natural lines or boundaries, and to make a report together with their opinion of the same, was in excess of the power of the court to regulate the procedure, it by no means follows that the decree is invalid. All that is brought up on this appeal is the record, and all it shows is the petition, the appointment of commissioners for the purpose above stated, the report of the commissioners, the confirmation nisi, the exceptions thereto, the appointment of a commissioner to take depositions, the filing of depositions, and a petition for review which appears not to have been granted. Then comes the decree which recites the presentation of the petition, and states that it appeared to the court, "that such division as prayed for in said petition would be beneficial." It is thus seen that there is nothing on the record to show affirmatively, or to warrant inference or even surmise, that the court did not exercise the discretion committed to it by the constitution; presumably the court did its duty.

The order is affirmed at the costs of the appellant.